[No. 2368.  Decided December 1, 1896.]

FRANK STOSSEL *et al.*, *Respondents*, v. A. T. VAN DE VANTER *et al.*, *Appellants*.

ESTOPPEL BY CONDUCT — CONVERSION — TITLE OF PLAINTIFF — WITNESS — SCOPE OF EXAMINATION.

Estoppel cannot be pleaded as a defense, when it does not appear that the defendants were misled by the conduct of plaintiffs, nor that they were induced thereby to act differently than they would have done.

In an action of conversion, the right of plaintiffs to maintain the action is not affected by the fact that the plaintiffs had delivered to a third person an instrument in the form of a bill of sale of the property in issue, which was intended merely as a mortgage to secure advances made.

Where a witness has already testified as to the entire conversation between himself and another respecting certain personal property referred to as " stuff," it is not error for the court to exclude a question calling for the witness's conclusion as to what property was referred to.

Where it is sought by the defendants to show a fraudulent scheme on the part of plaintiffs and a third person, the state of feeling existing between a witness and such third person is a proper subject of examination for the purpose of estimating the credit to be given to the testimony of the witness.

Appeal from Superior Court, King County. — Hon. RICHARD OSBORN, Judge.  Affirmed.

Action by Frank Stossel and Fraser & Ross, a co-partnership, against A. T. Van De Vanter, sheriff of King county, charging him with the conversion of a certain lot of logs.  Knapp, Burrell & Company intervened in the action and set up as an affirmative defense, among other things, that the logs had been seized and sold as the property of one James Duvall, under an execution upon a judgment obtained by them against him.  From a judgment for plaintiffs, defendants appeal.

*Gill, Keene & Shaw,* for appellants :

In an action for conversion the legal title to the property must be in the plaintiff at the time of the conversion. *Brady v. Whitney,* 24 Mich. 154; *Clapp v. Glidden,* 39 Me. 448. Had it been desired by the plaintiffs to assert ownership to the property, and damages for its taking, Faulds should have been a party and divested of his record title to the property, that the defendants might be protected by the judgment; had plaintiffs sought damages for the wrongful taking alone, possibly the rule might be different, but the action is for the taking and conversion. It appearing that Fraser & Ross were without interest in the property, the possession of the defendant Van De Vanter was lawful as to the interest of any person excepting Stossel (if he owned an interest), so far as the complaint shows, and Stossel being but a part owner must have made a demand upon the defendant, before bringing action, for his part. *Shaw v. Davis,* 55 Barb. 389; *Paige v. O'Neal,* 12 Cal. 495.

And where possession is lawful, demand and refusal must be averred. *Proctor v. Cole,* 66 Ind. 576; *Pugh v. Calloway,* 10 Ohio St. 488; *Gillet v. Roberts,* 57 N. Y. 28.

The answer attempted to, and we think did, plead a good defense by way of estoppel by silence and conduct. The general doctrine of equitable estoppel by acts and silence is best explained, together with the cases upon which it is based, in Bigelow on Estoppel (5th ed.) p. 558, in which the case of *Pickard v. Sears,* 6 Ad. & E. 469, is discussed at length as a leading case, and which sustains our contention here. Also, see Bigelow, Estoppel (5th ed.) p. 584 *et seq.*; *Horn v. Cole,* 12 Am. Rep. 111. "Standing by and seeing one's property sold at an execution sale on a writ against

another, estops the party from setting up his title against the purchaser." Herman, Estoppel, p. 937; *Lay v. Neville*, 25 Cal. 545; *Wilson v. Sherffbillich*, 15 N. W. 876; *Bixler v. Gilleland*, 4 Pa. St. 158; *Miles v. Left*, 14 N. W. 233; *Patton v. Barnett*, 12 Wash. 576; *Kirk v. Hamilton*, 102 U. S. 68; *Erwin v. Lowry*, 7 How. 172. And it is not necessary that a fraud should have been intended if in fact defendants were induced to act. *Tiffany v. Anderson*, 55 Iowa, 405; *Beebe v. Wilkinson*, 30 Minn. 548; *Wetmore v. Royal*, 56 N. W. 594; *Trustees v. Smith*, 118 N. Y. 634; *Horn v. Cole*, 12 Am. Rep. 111.

*Charles E. Patterson*, for respondents:

Does the complaint state a cause of action? The fourth paragraph of the complaint attempted to allege in plain terms that Fraser & Ross, for the purpose of obtaining supplies to run the camp, gave William Faulds an instrument in writing, which was in form a " bill of sale," in fact a " chattel mortgage," given as security for the supplies that were to be furnished. The form of language of the instrument does not make it a bill of sale or chattel mortgage; it is a chattel mortgage if the parties intended it as security for debt. Newmark, Sales, § 24; *Sloan v. Coburn*, 42 N. W. 726; Pingrey, Chattel Mortgages, §§ 36, 37. And where there is doubt as to whether the instrument is a mortgage or sale, it will be treated as a mortgage. *Sayward v. Nunan*, 6 Wash. 87.

The answer failed to show any of the essential elements of estoppel by conduct :

First. All the facts therein alleged occurred subsequent to the alleged coversion, and therefore could not and did not induce the defendants to change their position in any manner; nothing was done or claimed

to be done by any of the plaintiffs to induce defend-
ant to make the levy.

Second. The giving of the bill of sale, and serving
of notice on defendant, that the logs belonged to
Stossel and Faulds, did not in any manner affect de-
fendants, who claimed the logs as the property of one
Duvall; the notices and bill of sale did not tell defend-
ants that Duvall had any interest in the logs. On
the contrary, they told them that they belonged abso-
lutely to persons other than Duvall. The execution
was not against Stossel or Faulds.

Third. The only way appellants claim that inter-
venor was prejudiced was because it had a lien on all
the logs, and four-fifths of them satisfied the judg-
ment. If it obtained property sufficient to satisfy its
judgment, that was all it was entitled to, and it was
its duty to release the balance.

Fourth. The fallacy of the whole claim is seen by
this fact. The defendants took the property as the
logs of Duvall. No one of plaintiffs induced them to
so act. If they were Duvall's logs they were pro-
tected fully, no matter what notices Stossel and Faulds
gave them; if they were not Duvall's logs, they were
liable to the true owner for the value. They were
told that they were not Duvall's, but belonged to A and
B, but on the trial it was shown that they belonged to
A and C. The material point is, were they Duvall's
logs : if not his, what does it matter whether the true
owner is A and B or A and C.

Fifth. To claim an estoppel, respondents must
have believed and relied upon the statement of the
affidavit. If they did this, they believed when they
sold these logs that they belonged to Stossel and
Faulds. If they believed this, and sold four-fifths
instead of all the logs, the affidavit has benefited, in-

stead of injured them. For thus believing they sold four-fifths of one man's logs, to pay another man's debt. If they had sold them all, their liability would have been greater, and the judgment against them instead of being for the value of four-fifths would have been for all the logs.

The acts and conduct of Stossel and Faulds were only material as bearing upon the question of plaintiffs' ownership at the trial. All were submitted, under proper instructions, to the jury.

The fact alleged that Fraser and Ross were present at the sale by the sheriff, does not constitute an estoppel. *Schilling v. Black*, 31 Pac. 143; *Robertson v. Gourley*, 19 S. W. 1006; *Sensinger v. Boyer*, 26 Atl. 222; *Richardson v. Coffman*, 54 N. W. 356.

The opinion of the court was delivered by

Scott, J.—This was an action for the conversion of a quantity of saw logs which the appellants caused to be levied upon and sold under an execution issued upon a judgment recovered by them against one Duvall. The appeal was taken from a verdict and judgment in favor of the plaintiffs.

One of the defenses pleaded was that the plaintiffs were estopped from prosecuting the action on the ground that after the logs had been seized under the execution, Stossel, one of the plaintiffs, and one Faulds, with the knowledge and consent of Fraser and Ross, served upon the defendant Van De Vanter, the sheriff who had served the execution, a joint claim as owners of said logs, notifying the defendants that they would be held responsible to said Stossel and Faulds for all damages resulting from the sale thereof, said claim being supported by the affidavit of Stossel and Faulds. The paragraphs relating to this defense were stricken

from the answer, and error is assigned thereon. We think the facts pleaded were not sufficient to constitute an estoppel, for the execution plaintiffs were not proceeding against the logs as the property of Stossel and Faulds, but as the property of Duvall, the execution defendant, and they thereafter proceeded to sell sufficient of them under the execution to satisfy it, and the remainder were released. It does not appear that the appellants were misled in any wise or acted differently than they would have done, in consequence of this claim and the action of the plaintiffs relating thereto.

It is next contended that the complaint did not state a cause of action. It appears that the plaintiffs were partners in said logging business and that the plaintiffs Fraser and Ross had executed and delivered to said Faulds an instrument in writing in the form of a bill of sale, which, the complaint alleged and the parties testified, was intended as a mortgage to secure him for advances made to Fraser and Ross to enable them to conduct said business. Under this allegation, the title to the property was still in the plaintiffs and they could maintain the action.

It is next contended that the court erred in refusing to grant the motion for a non-suit, on the ground of the insufficiency of the evidence, but there was no error in this under the proofs introduced.

It is also contended that the court erred in sustaining an objection to a question asked one of the witnesses. This witness had testified that he had a conversation with Mr. Stossel concerning his possession of "certain personal property," which he stated was Duvall's, and that Stossel said he was holding the "stuff" there for Duvall, to keep Duvall's creditors from taking it, as Duvall was indebted and could not

hold any property. Then appellant's counsel asked
the witness the question : "That was referring to
what?" and an objection to it by the plaintiffs was
sustained. There is no sufficient foundation in the
record to predicate error upon in this particular, for
several reasons. It must be conceded that the appel-
lants had a right to show that the conversation re-
lated to these logs. But it does not appear that the
question was calculated to draw out anything more
than the conclusion of the witness as to what the con-
versation referred. The record would indicate that
the witness had testified already as to the entire con-
versation between himself and Stossel, and after that
was given in evidence, and the circumstances under
which it was given, the defendants were not entitled
to the conclusion of the witness as to the property re-
ferred to. No offer was made to show by the witness
that there was any further conversation between the
parties showing that it was these logs that were being
talked about, or to show any circumstances connected
with the conversation to that end, nor was there any
exception taken to the ruling of the court upon the
objection.

There was no error in permitting the plaintiffs to
cross-examine one of the witnesses for the defendants
as to the state of feeling existing between himself
and Duvall, as the ill-feeling existing between them
was a matter that the plaintiffs had a right to have
before the jury for the purpose of considering the
credit to be given to the testimony of the witness.
The appellants were attempting to show a fraudulent
scheme upon the part of Duvall and the plaintiffs to
cover up his property.

It is urged that it was error to refuse to give
certain instructions requested by the defendants, but

these were based upon the alleged insufficiency of the evidence to support a recovery and upon the question of estoppel and were properly refused; nor do we find any error in the instructions given.

Affirmed.

DUNBAR, ANDERS and GORDON, JJ., concur.