[No. 20389. Department Two. March 28, 1927.]

THE STATE OF WASHINGTON, *Respondent*, v. BERNARD HENRY, *Appellant*.[1]

[1] CRIMINAL LAW (449)—APPEAL—HARMLESS ERROR—EXCLUSION OF EVIDENCE. In a prosecution for rape, it is not an abuse of discretion requiring a new trial to reject an offer of proof of the extreme hostility of a witness who was engaged to marry the prosecuting witness, sought to be brought out on his cross-examination, where the hostility of such witness was amply proven by other evidence.

[2] CRIMINAL LAW (339)—JOINT DEFENDANTS—ACQUITTAL OF ONE AND CONVICTION OF OTHER—CONSTRUCTION OF VERDICT. In a prosecution of several jointly for a rape, an acquittal of part of the defendants does not bar a conviction of one of them, where there was evidence, if believed by the jury, warranting a finding that the others were not equally guilty, the evidence not being the same as to all of them.

[1]Reported in 254 Pac. 460.

Appeal from a judgment of the superior court for Kittitas county, Davidson, J., entered June 5, 1926, upon a trial and conviction of rape. Affirmed.

*E. K. Brown*, for appellant.

*Arthur McGuire*, for respondent.

TOLMAN, J.—Appellant was charged with two others of having committed the crime of rape. On the first trial, one of the defendants was discharged and the jury disagreed as to the remaining two. On the second trial, appellant was found guilty and his co-defendant found not guilty. From a judgment and sentence on the verdict of guilty, this appeal is prosecuted.

Two errors are presented: (1) that the court erred in unduly restricting the appellant's cross-examination of a witness for the state; and (2) that the verdicts upon the last trial are so inconsistent that it was error not to set aside the verdict against this appellant and grant him a new trial.

[1] The state produced as a witness one Ritchie who had, for some time prior to the alleged offense, been engaged to marry the prosecuting witness, and she and he both testified that, at the time of the trial, they were still so engaged. Both the prosecuting witness, who was first on the stand, and Ritchie himself testified that there existed hostility between Ritchie and the appellant. On cross-examination, counsel for appellant sought to develop the extent of this hostility, and the court, having ruled against him, counsel made an offer to prove as follows:

"MR. BROWN: I offer to prove by this witness that two years or such a matter ago and before the defendant went to California the witness told Henry to 'lay off' of his girl, meaning the prosecutrix in this case; that he threatened to kill Henry in the presence of others over the Union pool hall at about the same time.

That during the same period he became angry at
Henry's attention to the prosecutrix and while at a
dance some words ensued and he went outside and tried
to borrow a gun to use on Henry. That subsequently
to the trial of the case in December and sometime in
December 1925, on the street in Roslyn, he had an
altercation with Henry and in substance threatened to
kill him and at a drinking party sometime during the
spring of 1926, about a month ago, he said that he
would kill Henry if the jury acquitted him. MR.
MCGUIRE: I object to the offer upon the ground that
it is not proper to go into the hostility because the
hostility has already been shown. THE COURT: Sus-
tain the objection. MR. BROWN: Does the Court rule
that I am limited to the bare fact of hostility? THE
COURT: Yes. MR. BROWN: Can I show nothing as to
the extent or degree of hostility? THE COURT: I will
sustain the objection to your offer. MR. BROWN: I also
offer to show by this witness that his hostility toward
the defendant Henry reaches the point that he has
threatened to kill him. MR. MCGUIRE: I object to the
offer. THE COURT: Sustained. MR. BROWN: Excep-
tion."

Appellant contends, and we think properly, that the
general rule in such cases is that the inquiry is not
strictly limited to the simple question of whether
hostility exists, but that the witness may be interro-
gated as to particular facts tending to show the nature
and extent of the hostility, and cites: *Stossel v. Van
De Vanter,* 16 Wash. 9, 47 Pac. 221; *State v. Griffin,*
43 Wash. 591, 86 Pac. 951, 11 Ann. Cas. 95; *State v.
Eaid,* 55 Wash. 302, 104 Pac. 275, 33 L. R. A. (N. S.)
946; and *State v. Beaton,* 106 Wash. 423, 180 Pac. 146,
as supporting this view, which, in a general way, they
may be said to do. But while we think the trial court
might well have received the offered proof, still a
reading of the whole record convinces us that the jury
was well advised as to the nature and extent of the
hostility of the witness. The prosecutrix had already

testified that she had been friendly with appellant, had
gone out with him on occasions, had corresponded with
him when he was in California; that the witness Ritchie
had frequently expressed jealousy and hostility to-
wards appellant, all before the occurrences now in
issue; that he, Ritchie, was the person to whom she
first made complaint, and that he immediately and
promptly took an active part in securing evidence and
in instituting the prosecution. These facts, together
with the fact that the prosecutrix and Ritchie were
engaged prior to the alleged rape, and continued to be
so engaged afterwards, would as fully inform any
reasonable minded person of the extent of the hostility
as would testimony as to the facts covered by the offer.
That any right-minded man, believing that the woman
he intended to marry had been forcibly outraged,
would not be hostile to the person believed to be guilty,
to the full extent of his capacity for hostility, is beyond
comprehension; and threats, even to kill, could add
nothing. Of course, this offered testimony was per-
mitted later by the defense, but we take no account of
that as its force would perhaps have been greater if
drawn from the witness on cross-examination. Such
matters are always largely within the discretion of the
trial court, and from the whole record we cannot say
that the court abused that discretion.

[2] Appellant's second point is based upon the rule
of law found in 16 Corpus Juris, p. 1104, which reads:

"Acquittal of One or More and Conviction of Others.
Where several persons are jointly indicted and tried
for an offense which may be committed by one person
alone, the jury may, by separate verdict, convict one
or more and acquit the others, or disagree as to the
others, unless the evidence against all the defendants
is the same. This rule, however, does not apply to a
crime, such as a conspiracy, which can be committed
only by several jointly; in such a case the acquittal of

one of two joint defendants is the acquittal of the other; and if one is convicted, and subsequently the other is acquitted, the conviction must be set aside. Where, however, the indictment is against more than two, if the evidence establishes that any two have been guilty of the conspiracy charged, they may be convicted, and the others may be acquitted.''

Assuming that to be the correct rule, yet appellant does not come within the exception stated, because the evidence against both of the defendants was not the same. True, if the evidence of the prosecutrix is to be wholly accepted, then each was equally guilty, but the jury were at liberty to believe the prosecutrix only in part, and might, and apparently did, believe her so far as she was corroborated by other circumstances shown and by the law of probabilities, and entertained a reasonable doubt as to that part of her testimony which was not so corroborated.

The facts as shown by the record warranted the trial court in denying the motion for a new trial on this ground.

The judgment is affirmed.

MACKINTOSH, C. J., PARKER, ASKREN, and FRENCH, JJ., concur.