[No. 5657-7-II. Division Two. September 25, 1984.]

THE STATE OF WASHINGTON, *Appellant,* v. BYRON LEE STEENERSON, *Respondent.*

*William H. Griffies, Prosecuting Attorney,* and *Chris Quinn–Brintnall, Deputy,* for appellant.

*Melvyn R. Rubin,* for respondent.

PETRICH, C.J.—The State appeals the trial court's ruling on omnibus hearing that an informant's credibility did not give rise to probable cause to justify issuance of a search warrant. The sole issue is whether the supporting affidavit of Officer Higgins contained sufficient underlying circumstances from which a magistrate independently could have determined the existence of probable cause. Finding the supporting affidavit lacking, we affirm.

Substantiated by an informant's tip, Officer Daryl C. Higgins obtained a search warrant on April 11, 1981 to search Steenerson's residence. The supporting affidavit states in relevant part:

That affiant's belief is based upon the following facts and circumstances: Within the past seventy–two (72) hours the affiant has been in contact with a confidential and reliable informant who stated that within the same seventy–two (72) hours he/she has been within the listed residence and observed controlled substances (Marijuana) packaged for sale. Per the confidential and reliable informant the resident (BYRON STEENERSON) was observed giving controlled substances to other persons present. The reliability of the informant is based on the fact that he/she has made a purchase of controlled substances for a member of the Tacoma Police Department using funds supplied by that agency. Prior to the purchase the confidential and reliable informant was searched for controlled substances with none being found. The Confidential [*sic*] and reliable informant then made a purchase of controlled substances while under the surveillance. The confidential and reliable informant has

also displayed knowledge of current street prices of marijuana to the affiant as well as being able to identify marijuana which was packaged in a manner common to illicit street sale.

On April 13, 1981, Tacoma police, pursuant to said warrant, discovered a quantity of marijuana in a china cabinet and 10 potted marijuana plants in the basement of Steenerson's residence. Steenerson was arrested and charged with unlawful possession of a controlled substance in violation of RCW 69.50.401.

On June 23, 1981, the trial court, relying upon *State v. Fisher,* 28 Wn. App. 890, 626 P.2d 1020 (1981), *rev'd,* 96 Wn.2d 962, 639 P.2d 743, *cert. denied,* 457 U.S. 1137 (1982), entered an order suppressing all evidence seized pursuant to the search warrant. Trial date was stricken pending the outcome of this appeal.

This is one of a growing number of cases wrestling with the impact of *Illinois v. Gates,* 462 U.S. 213, 76 L. Ed. 2d 527, 103 S. Ct. 2317 (1983). Slavish adherence to the "2-pronged test" formulated by *Aguilar (Aguilar v. Texas,* 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509 (1964)) and *Spinelli (Spinelli v. United States,* 393 U.S. 410, 21 L. Ed. 2d 637, 89 S. Ct. 584 (1969)) is no longer required. While retaining "basis of knowledge," "veracity" and "reliability" as important, albeit not exclusive, factors in determining whether an informant's tip establishes probable cause for issuance of a search warrant, the United States Supreme Court has nevertheless adopted a "totality of the circumstances" approach. This new approach is applicable in Washington to determine probable cause under the fourth amendment to the United States Constitution to issue a search warrant, and to determine whether police officers had probable cause to make an arrest. *State v. Davis,* 35 Wn. App. 724, 669 P.2d 900 (1983).[1]

---

[1]Our Supreme Court has recently rejected the "totality of the circumstances" approach when the search is challenged under article 1, section 7 of the state constitution. *State v. Jackson,* 102 Wn.2d 432, 688 P.2d 136 (1984). In this case, however, the warrant was invalidated by the strictures of the Fourth Amendment

The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, there is a fair probability that contraband or evidence of a crime will be found in a particular place. The duty of a reviewing court is to pay great deference to the magistrate's determination of probable cause, and simply to insure that the magistrate had a substantial basis for his or her decision. *Illinois v. Gates,* at 238–39.

 Besides "basis of knowledge," "veracity" and "reliability" of the informant, a number of other factors are considered, to wit: corroboration of the information by independent police efforts, an explicit description of the alleged wrongdoing together with a statement that the event was observed firsthand, and information of future actions to show access to relatively confidential information. *Illinois v. Gates, supra.* It is clear that mere belief or conclusory statements, without more, is not enough. *State v. Woodall,* 100 Wn.2d 74, 666 P.2d 364 (1983). The *Woodall* opinion published after *Illinois v. Gates, supra,*[2] stated at pages 76–77 as follows:

> This case, like *Fisher* [*State v. Fisher,* 96 Wn.2d 962, 639 P.2d 743, *cert. denied,* 457 U.S. 1137 (1982)], lies somewhere between the affidavit in *Aguilar* [*Aguilar v. Texas,* 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509 (1964)] and affidavits stating that information has been given in the past leading to arrests. The affidavit in the instant case is, however, unlike the affidavit at issue in *Fisher* in a very important respect. The affidavit in the instant case presents no underlying facts by which the judicial officer issuing the warrant could independently determine the informant's reliability. The affidavits merely state that the informant is "[a] reliable informant who has proven to be reliable in the past". "Reliable" as used in both instances is a mere conclusion of the affiant

---

and reliance on the state constitution was not claimed.

[2] In footnote 2 at page 78 of the *Woodall* decision the court recognized the adoption of the "totality of the circumstances" test in *Illinois v. Gates,* but concluded that the conclusory affidavit in that case was inadequate under any test.

which could mean a number of things. There are no facts given to support this conclusion. In contrast, the affidavit in *Fisher* stated facts, although concededly brief. In *Fisher* we held at page 965:

> Affiant stated that the informant had given him information proven to be true and correct in the past. While this is more than drawing the conclusion that the informant is credible and admittedly less than stating the facts as to why the past information has proven to be "true and correct", it still is a factual statement—not a conclusion of the affiant. We hold in this case that it is enough to enable a neutral magistrate to determine if the informant is credible.

The affidavit here is no better than the one in *State v. Woodall, supra.* The informant is claimed to be reliable but this is merely a conclusory statement of the affiant and provides no factual basis for the magistrate to make an independent judgment of the informant's reliability. It is true the affidavit refers to the informant's participation in a controlled buy. However, the fact that the informant was given money and sent by the police to a particular place to meet a suspect and returned with contraband, all while under close surveillance, may suggest cooperation of the informant but by itself indicates very little about the informant's credibility as a reporter of facts while not under supervision. 1 W. LaFave, *Search and Seizure* § 3.3 (1978). It would be a different matter if the informant initiated the buy. *State v. Jansen,* 15 Wn. App. 348, 549 P.2d 32 (1976). For if credibility can be established by a "track record" of an informant who has stated that incriminating material can be found in a particular place and the materials are then found, it should also suffice that the informant stated that a purchase may be made from a certain person and place and the purchase is in fact made thereafter. 1 W. LaFave, *Search and Seizure* § 3.3 (1978).

Here, the affidavit is devoid of any facts upon which the magistrate could determine that the unidentified informant was accurately reporting the facts concerning the location of the contraband. That he may have been conversant with

street prices and the manner of packaging marijuana for sale also adds nothing.

Affirmed.

PETRIE and REED, JJ., concur.