[No. 5749–6–III.   Division Three.   January 17, 1985.]

THE STATE OF WASHINGTON, *Respondent,* v. CESAR M. ADAME, *Appellant.*

*Jerry L. Sorlien,* for appellant.

*Paul A. Klasen, Jr., Prosecuting Attorney,* and *Mary Ann Brady, Deputy,* for respondent.

THOMPSON, J.—Cesar M. Adame was convicted of one count of possession of a controlled substance—marijuana, and two counts of possession of stolen property. His con-

viction was affirmed by the Court of Appeals. Mr. Adame petitioned the Supreme Court for review. Subsequent to deciding *State v. Jackson*, 102 Wn.2d 432, 688 P.2d 136 (1984), the Supreme Court remanded, asking this court to reconsider the validity of the search warrant in light of their *Jackson* decision.

The undisputed facts are as follows: Pursuant to a search warrant obtained and executed December 28, 1982, police officers searched the residence of Cesar Adame, recovering marijuana and numerous items of stolen property.

The affidavit in support of the search warrant stated in pertinent part:

B. Basic facts of crime being investigated:
Affiant has been actively involved in narcotics investigations in the Grant county area for a period of two years. While conducting the investigations this officer has had contact with three relieable [*sic*] informants who have been responsible for the arrest and identification of numerous narcotics dealers. All three of the informants have provided this officer with information concerning Cesar M. Adame who lives at 646 Clover Dr. in Moses Lake, Washington. This officer has received information that Cesar is trading narcotics for stolen guns, t.v.'s and other valuable items that are taken from burglaries in the Moses Lake and Grant County area. Information from the informants have [*sic*] shown that Cesar is dealing in large quanties [*sic*] of marijuana and is dealing to students at the high school.

C. Circumstances supporting probable cause:
Affiant has received information from two reliable sources that Cesar Adame has in his possession at this time a large quanity [*sic*] of marijuana and narcotic paraphernalia. The informants advise that Cesar also has in his possession stolen guns and stero [*sic*] equipment, t.v.'s and house hold items that he trades to suspects who burglaries [*sic*] residences in the Moses Lake area and the Grant County area, for narcotics. Another informant has advised this officer that Cesar is dealing narcotics to the students at the high school and to the neighborhood people. All three informants have been proven relieable [*sic*] on

numerou[s] occassions [*sic*] and information obtained from these informants has led to the arrest of several narcotics dealers. This officer has also received information from other informants and persons who have not proven themselves relieable [*sic*] that Cesar Adame is selling narcotics out of his residence and is dealing to students at the high school.

Denying motions to suppress evidence seized in the residence, the trial court convicted Adame of all counts. Relying on *State v. Woodall*, 100 Wn.2d 74, 78 n.2, 666 P.2d 364 (1983) and *Illinois v. Gates*, 462 U.S. 213, 76 L. Ed. 2d 527, 103 S. Ct. 2317 (1983), this court concluded the search warrant satisfied the *Gates* probable cause test. That test was subsequently rejected by the Supreme Court in *Jackson,* necessitating our reconsideration of the case on the issue of whether the search warrant was valid under article 1, section 7 of the Washington State Constitution.

Based on the substantial difference in wording between the Fourth Amendment and Const. art. 1, § 7, a more expansive view of state constitutional protection from unreasonable searches and seizures is taken in Washington. *State v. Chrisman*, 100 Wn.2d 814, 818, 676 P.2d 419 (1984).

■ To establish probable cause based on informants' tips, the affidavit in support of the warrant must establish (1) the basis of information for the informant's conclusion that the evidence will be found in a particular location, and (2) the basis for the officer's conclusion that the informant is credible or his information reliable. *State v. Smith*, 102 Wn.2d 449, 455, 688 P.2d 146 (1984); *Jackson,* at 433. Under *Gates,* if either prong is deficient, that deficiency may be compensated for by a strong showing on the other, based on an analysis of the totality of the circumstances. *Gates,* at 233.

*Jackson,* though rejecting the *Gates* rationale for supplementing weak prongs, did hold that a deficiency in either prong may be remedied by independent police investigatory work that corroborates the informant's tip to such an

extent that it supports the missing element. *Jackson,* at 438, 445.

Here, the affidavit satisfies the credibility or veracity prong in that it presents a sufficient factual basis upon which the magistrate could independently determine the inherent credibility or reliability of the informants through the "track record" of resulting arrests in the past. However, there is nothing in the affidavit to establish the three informants' basis of knowledge. Moreover, no facts are presented indicating the magistrate was aware of information from any independent police investigation which could potentially cure the defect. As a consequence, the warrant was invalid.

We therefore reverse.

McINTURFF, A.C.J., and MUNSON, J., concur.