[No. 6533-2-III.   Division Three.   February 20, 1986.]

THE STATE OF WASHINGTON, *Respondent*, v. DANNY
LEE PARADISO, *Appellant*.

*David W. Henault, John B. Hancock,* and *Henault & Hancock,* for appellant (appointed counsel for appeal).

*Donald C. Brockett, Prosecuting Attorney,* and *David J. Carlson, Deputy,* for respondent.

MUNSON, J.—Danny Lee Paradiso appeals his conviction of unlawful possession of marijuana based upon evidence seized during the execution of a search warrant. He contends the affidavit in support of the warrant failed to establish the veracity of an unidentified informant. Therefore, Mr. Paradiso asserts the evidence should have been suppressed and the charge dismissed. We affirm.

Detective Bruce G. Nelson of the Spokane Police Department filed an affidavit in district court for a search warrant. The allegation of probable cause was based upon the following information:

(3) Circumstances supporting probable cause: S/A Hector Sanchez DEA who has worked with this officer on numerous occasions has provided infromation [*sic*] to this officer that he has a reliable confidential informant who in the past provided verifialbe [*sic*] information and assistance in drug purchases. Sanchez states that his informant has been in the house at W.2017 Dean in the past few days and has seen approx. 150,5' tall marihuana plants growing there.

Kenneth [Paradiso] has numerous controlled substance violations.

The defendants, known to the informat [*sic*] to live at the above residence

A search warrant was issued the same day; 28 marijuana plants were seized from an apartment Mr. Paradiso was sharing with his brother and sister–in–law. Mr. Paradiso was charged by information with unlawful possession of a controlled substance in excess of 40 grams, RCW 69.50-.401(d). He later moved to suppress, claiming the affidavit failed to establish probable cause. The motion was denied. Mr. Paradiso was found guilty as charged. This appeal followed.

Mr. Paradiso contends there was an insufficient basis in the affidavit from which the magistrate could independently determine the informant's veracity. In *State v. Jackson,* 102 Wn.2d 432, 688 P.2d 136 (1984), the court rejected the totality of the circumstances test of *Illinois v. Gates,* 462 U.S. 213, 76 L. Ed. 2d 527, 103 S. Ct. 2317 (1982), *reh'g denied,* 463 U.S. 1237, 77 L. Ed. 2d 1453, 104 S. Ct. 33 (1983), and held, under article 1, section 7 of our constitution, an informant's tip must be examined under the *Aguilar–Spinelli* test in determining the existence of probable cause to search. *Aguilar v. Texas,* 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509 (1964); *Spinelli v. United States,* 393 U.S. 410, 21 L. Ed. 2d 637, 89 S. Ct. 584 (1969). The present case was tried during the interval between *Gates* and *Jackson.*

Under the 2–prong analysis of *Aguilar–Spinelli:*

(1) the officer's affidavit must set forth some of the underlying circumstances from which the informant drew his conclusion so that a magistrate can independently evaluate the reliability of the manner in which the informant acquired his information; and (2) the affidavit must set forth some of the underlying circumstances from which the officer concluded that the informant was credible or his information reliable. *Aguilar,* at 114; *Spinelli,* at 413.

*Jackson,* at 435.[1] The first prong is normally characterized as the "basis of knowledge" prong, whereas the second prong is known as the "veracity" prong. Generally, support for the issuance of a search warrant is sufficient if a reasonable, prudent person would understand from the facts and circumstances contained in the affidavit that a crime has occurred, and evidence of that crime can be found at the place to be searched. *State v. Fisher,* 96 Wn.2d 962, 965, 639 P.2d 743, *cert. denied,* 457 U.S. 1137, 73 L. Ed. 2d

---

[1]While *Jackson,* at 437, speaks of the informant's "track record", that record need not consist of arrests and convictions. As defined in *Jackson,* at 437, that record need only indicate he has "provided accurate information to the police" on a number of occasions in the past.

4

1355, 102 S. Ct. 2967 (1982); *State v. Ludvik,* 40 Wn. App. 257, 264, 698 P.2d 1064 (1985); *State v. Clay,* 7 Wn. App. 631, 637, 501 P.2d 603 (1972), *review denied,* 82 Wn.2d 1001 (1973).

Although mere conclusory statements will not establish probable cause, an affidavit must be tested in a commonsense manner, rather than hypertechnically, assuming the basic requirements of *Aguilar–Spinelli* are met. *United States v. Ventresca,* 380 U.S. 102, 13 L. Ed. 2d 684, 85 S. Ct. 741 (1965); *State v. Woodall,* 100 Wn.2d 74, 78, 666 P.2d 364 (1983); *Fisher,* at 965; *State v. Partin,* 88 Wn.2d 899, 904, 567 P.2d 1136 (1977). Doubts should be resolved in favor of the warrant. *State v. Helmka,* 86 Wn.2d 91, 93, 542 P.2d 115 (1975); *State v. Walcott,* 72 Wn.2d 959, 435 P.2d 994 (1967), *cert. denied,* 393 U.S. 890, 21 L. Ed. 2d 169, 89 S. Ct. 211 (1968).

Here, the "basis of knowledge" prong of the *Aguilar–Spinelli* test is satisfied.[2] The question is whether the affidavit satisfied the second, or "veracity", prong. Mr. Paradiso argues that statements concerning the informant's credibility are mere conclusions on the part of the affiant which are condemned by *Aguilar* and *Spinelli.* He relies primarily upon *State v. Woodall, supra,* for this proposition.[3]

---

[2]The factual information contained in the affidavit indicates the informant's assertions of criminal activity were based on his personal observations. The fact these statements were not made directly to Detective Nelson does not matter, since a reasonable degree of reliability is accorded information supplied by a fellow law enforcement officer. *Ventresca,* 380 U.S. at 110–11; *State v. Laursen,* 14 Wn. App. 692, 695, 544 P.2d 127 (1975). Moreover, an affidavit based upon an informant's tip is not deficient merely because it fails to state the specific time the illegal activity was observed, so long as the magistrate can reasonably conclude the information is current and the evidence sought is probably on the premises at the time he issues the warrant. *Partin,* at 903–04; *Clay,* at 636–38.

[3]During oral argument appellant's counsel cited this court's decision in *State v. Adame,* 39 Wn. App. 574, 694 P.2d 676 (1985) as support for his position Detective Nelson's affidavit failed to satisfy the "veracity" prong of *Aguilar–Spinelli.* However, that conviction was reversed because the affidavit failed to provide the three informants' basis of knowledge. *Adame,* at 577. Contrary to counsel's

In *Woodall,* at 75, the court concluded the following affidavit was deficient in terms of the informant's veracity:

> *A reliable informant who has proven to be reliable in the past* has given information to Duane Golphenee that he/she has been in the house within the last twelve hours and has personally observed marijuana being used in the house. The informant is familiar with the appearance of marijuana.

(Italics ours.) The court distinguished this affidavit from the one in *Fisher,* noting the affidavit in the latter case presented some, although minimal, underlying circumstances from which the magistrate could independently determine the informant's veracity. *Woodall,* at 76–78.

The affidavit in *Fisher,* at 964, provided:

> That within the past 72 hours a reliable informant, known to the affiant, has visited the above residence and while there observed LSD and marijuana.
>
> The informant is reliable in that *he/she has given information regarding drug trafficing [sic] and use in the past which has proven to be true and correct.*
>
> The informant has made two controlled buys to–wit: the informant was searched, given money, observed to enter and return from a residence with controlled substances purchased from within.
>
> The informant stated that persons who live at and visit the residence are known to conceal drugs on their persons and in their vehicles. The informant further stated that the residents [sic], Tom Lancaster, major sources of income were the sale of drugs and stolen property.

(Italics ours.) In upholding the search warrant under *Aguilar–Spinelli, Fisher,* at 965–66 stated:

> To meet the *Aguilar/Spinelli* test the credibility of the informant must be demonstrated. The mere statement that an informant is credible is not sufficient (*Aguilar v. Texas, supra*), whereas it is almost universally held to be sufficient if information has been given which has led to

---

assertion, this court concluded "the affidavit satisfies the credibility or veracity prong in that it presents a sufficient factual basis upon which the magistrate could independently determine the inherent credibility or reliability of the informants through the 'track record' of resulting arrests in the past." *Adame,* at 577.

arrests and convictions. 1 W. LaFave, *Search and Seizure* § 3.3, at 509 (1978); *see also McCray v. Illinois*, 386 U.S. 300, 18 L. Ed. 2d 62, 87 S. Ct. 1056 (1967); *State v. Partin, supra.*

This case lies somewhere between these two positions. Affiant stated that the informant had given him information proven to be true and correct in the past. *While this is more than drawing the conclusion that the informant is credible and admittedly less than stating the facts as to why the past information has proven to be "true and correct", it still is a factual statement—not a conclusion of the affiant. We hold in this case that it is enough to enable a neutral magistrate to determine if the informant is credible.*

There is substantial authority which holds general allegations such as those before us are sufficient. *Gonzales v. State*, 577 S.W.2d 226 (Tex. Crim. App.), *cert. denied*, 444 U.S. 853, 62 L. Ed. 2d 71, 100 S. Ct. 109 (1979); *State v. Caldwell*, 25 N.C. App. 269, 212 S.E.2d 669 (1975); *see also* 1 W. LaFave, *supra* at 515 n.59–68. In *Aguilar v. Texas, supra,* the Supreme Court distinguished and approved of an affidavit which it upheld in *Jones v. United States*, 362 U.S. 257, 268, 4 L. Ed. 2d 697, 80 S. Ct. 725 (1960). The *Jones* affidavit alleged that the informant "'has given information to the undersigned on previous occasion and which was correct". *This type of allegation informs the magistrate why the affiant believed the informant to be reliable. It states a fact and is more than a bare assertion or conclusion.*

(Italics ours.) *See also Jackson*, at 437.

■ In light of *Fisher,* we conclude the affidavit contains sufficient facts from which a magistrate could independently determine the informant's credibility. The sparse statement concerning veracity is more than a bare assertion or conclusion which was condemned in *Woodall. Cf. State v. Bowers*, 36 Wn. App. 119, 123, 672 P.2d 753 (1983) (arresting officer clearly established credibility of his informant by stating "the informant had previously given substantial quantities of information concerning drug activity that the officer had verified by independent means"). When viewed in a commonsense manner, the affidavit is sufficient to convince a reasonable, prudent person that a crime was

being committed and evidence of that crime could be found at the premises for which the search warrant was issued. *Fisher,* at 965; *Walcott,* at 962. Thus, the evidence seized during the execution of the search warrant is not subject to challenge as claimed by Mr. Paradiso.

The conviction is affirmed.

GREEN, C.J., concurs.

McINTURFF, J. (dissenting)—I respectfully dissent. For the reasons which follow, I believe the affidavit failed to present facts sufficient for a magistrate to determine the inherent credibility or reliability of the informant.

The fourth amendment to the United States Constitution and article 1, section 7 of the Washington State Constitution are the fundamental provisions by which the primary rights of citizens are protected under our constitutional scheme. These rights are among our most cherished, yet they are among "the most difficult to protect. Since the officers are themselves the chief invaders, there is no enforcement outside of court." *Brinegar v. United States,* 338 U.S. 160, 181, 93 L. Ed. 1879, 69 S. Ct. 1302, 1313 (Jackson, J., dissenting), *reh'g denied,* 338 U.S. 839, 94 L. Ed. 513, 70 S. Ct. 31 (1949). The recurring polestar and fundamental theme is that the constitutional mandate of article 1, section 7 requires the interposing of a neutral magistrate between the officer and the citizen's right to privacy. The magistrate must be presented with facts so that he, the magistrate, may determine that probable cause exists for issuing the warrant. *State v. Jackson,* 102 Wn.2d 432, 436–37, 688 P.2d 136 (1984); *see, e.g., State v. Woodall,* 100 Wn.2d 74, 75, 666 P.2d 364 (1983); *State v. Fisher,* 96 Wn.2d 962, 965, 639 P.2d 743, *cert. denied,* 457 U.S. 1137, 73 L. Ed. 2d 1355, 102 S. Ct. 2967 (1982); *State v. Partin,* 88 Wn.2d 899, 901, 567 P.2d 1136 (1977); *State v. Walcott,* 72 Wn.2d 959, 961, 435 P.2d 994 (1967), *cert. denied,* 393 U.S. 890, 21 L. Ed. 2d 169, 89 S. Ct. 211 (1968).

In applying the 2–prong *Aguilar–Spinelli* test, the

majority concludes, erroneously I believe, that the affidavit satisfies the second, "veracity", prong. This prong requires that the affidavit set forth sufficient facts and circumstances so the magistrate can determine the informant is credible or that his information is reliable. *Jackson,* at 443; *Woodall,* at 76; *Fisher,* at 965. Some factors relevant to the veracity prong and necessary to an adequate elaboration are: the length of time the officer has known and dealt with the informer, *see, e.g., Draper v. United States,* 358 U.S. 307, 3 L. Ed. 2d 327, 79 S. Ct. 329 (1959) (6 months); the number of tips received, *see, e.g., McCray v. Illinois,* 386 U.S. 300, 18 L. Ed. 2d 62, 87 S. Ct. 1056 (15 times), *reh'g denied,* 386 U.S. 1042, 18 L. Ed. 2d 616, 87 S. Ct. 1474 (1967); the character of the information received, *see, e.g., State v. Partin,* 88 Wn.2d 899, 567 P.2d 1136 (1977) (information led to two arrests and convictions); *State v. Lodge,* 42 Wn. App. 380, 711 P.2d 1078 (1985) (10 arrests and convictions); or, that the declaration of informant was against his interests. *United States v. Harris,* 403 U.S. 573, 29 L. Ed. 2d 723, 91 S. Ct. 2075 (1971); *Lodge.*

The statement in this affidavit, that the informant has provided verifiable information and assistance in the past, does provide some minimal ground for believing the informant. But, standing alone and unaccompanied by any specifics, this is not enough for the magistrate to make an independent evaluation of the informant's credibility. First, we do not know the type of information that has been verified in the past. This alone is fatal to the affidavit because "[m]erely verifying 'innocuous details', commonly known facts or easily predictable events should not suffice to remedy a deficiency in . . . [the] veracity prong." *Jackson,* at 438 (quoting *United States v. Montgomery,* 554 F.2d 754, 757–58 (5th Cir. 1977)); *see also Spinelli v. United States,* 393 U.S. 410, 21 L. Ed. 2d 637, 89 S. Ct. 584, 588 (1969); 1 W. LaFave, *Search and Seizure* § 3.3(f), at 554 (1978 & Supp. 1985); Rebell, *The Undisclosed Informant and the Fourth Amendment: A Search for Meaningful Standards,* 81 Yale L.J. 703, 715–20 (1972); Kamisar, *Gates, "Probable*

*Cause," "Good Faith," and Beyond,* 69 Iowa L. Rev. 551, 558 (1984). Unless we know the type of information provided in the past, the magistrate is merely rubber–stamping a mechanical recital of past reliability.

Second, we do not know the use to which the information was put or the length of time which had elapsed since the information was furnished. The highly generalized recital here only hints at a consistent history of reliability, but is indeed highly ambiguous. Instances of inaccurate or unverifiable information may have outnumbered instances where the information proved correct.

Accordingly, this case is like *Woodall,* where the affidavit presented no underlying facts by which the judicial officer could independently determine the informant's reliability. Like the affidavit in *Woodall,* which stated the informant is a "reliable informant who has proven to be reliable in the past", the affidavit here is a mere conclusion of the affiant which could mean a number of things, depending upon the nature of the facts verified in the past. *Woodall,* at 75.

This case is distinguishable from *Fisher,* the majority's linchpin for finding the affidavit sufficient to determine the informant's credibility, where the affidavit stated the informant had provided information "proven to be true and correct." The affidavit also stated the informant had made two controlled buys from the residence later searched. Such prior use of the informant has consistently been held to establish a sufficient track record establishing an informant's credibility. *See, e.g., State v. Maddasion,* 130 Ariz. 306, 636 P.2d 84 (1981); *Ritacca v. Kenosha Cy. Court,* 91 Wis. 2d 72, 280 N.W.2d 751 (1979); *but see State v. Fisher, supra* at 971 n.1 (Utter, J., dissenting). After viewing the affidavit "as a whole", and "reviewing the totality of the affidavit", the court in *Fisher* found facts sufficient for the magistrate to conclude the informant was reliable. *Fisher,* at 966. Hence, *Fisher* is a case in which some corroboration, the controlled buys, bolsters the potential reliability of the informant. In cases in which some corroboration is evident, it is possible "a less elaborate showing of personal reliabil-

ity might suffice." Comment, *Informer's Word as the Basis for Probable Cause in the Federal Courts,* 53 Calif. L. Rev. 840, 847 (1965). It stands to reason that where, as in this case, the warrant is based on the informer's information alone, "a stronger showing on reliability should be required." Comment, *supra* at 847.

Consequently, unlike *Fisher,* the affidavit here contained no corroborating evidence supporting the highly generalized recital of reliability. The magistrate did not have sufficient facts from which he could "judge for himself both the probable credibility of the informant and the reliability of his information". *United States v. Harris,* 403 U.S. 573, 588, 29 L. Ed. 2d 723, 91 S. Ct. 2075 (1971) (Harlan, J., dissenting). Hence, the majority rationale would appear to necessitate some form of ESP to evaluate the probable credibility and reliability of the informant.

Unless the magistrate makes his independent evaluation on all the known facts, the magistrate tends to become the tool of police interests. Although the police are honest and their aims worthy, history shows they are not appropriate guardians of the privacy which article 1, section 7 protects. In the last analysis, only the courts can be such a guardian.

Review denied by Supreme Court May 6, 1986.