[No. 22260–1–I. Division One. August 21, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. DONALD L. DICE, *Appellant.*

*Mark D. Mestel* and *Mestel & Muenster,* for appellant.

*Seth R. Dawson, Prosecuting Attorney,* and *Seth Aaron Fine* and *Kevin Korsmo, Deputies,* for respondent.

SCHOLFIELD, J.—The defendant, Donald L. Dice, appeals his conviction for possession of a controlled substance with intent to manufacture or deliver. We affirm.

FACTS

On August 29, 1987, law enforcement officers executed a search warrant at Dice's home. The warrant was based substantially on information received from a citizen whose identity was known to the police, but whose name was not disclosed in the affidavit in support of the warrant. The affidavit stated that the informant wished to remain anonymous because of possible repercussions from the suspect.

The affidavit stated that the informant had fully identified herself/himself to the officer and the informant had no criminal record. The affidavit also stated that the informant has raised several children in the community, is a homeowner and has been employed for the last 20 years. The affidavit went on to describe the length of time the informant had known Dice as well as his/her observations of growing marijuana plants in Dice's home.

The affiant, Detective Bonallo, also stated that he observed that the front door of Dice's house was made of wrought iron and appeared to be very heavy and secure. In addition, he indicated that Detective Zinter obtained the home's power records from the Snohomish County Public Utility District 1 (PUD). Those records showed initial power readings in May and July of 1985 to be 4,351 kilowatt hours and 5,664 kilowatt hours, respectively. Detective Bonallo stated, "I know from experience [that such an amount] is extremely high consumption for a house of less than 1,000 square feet." He also stated that power readings in May and July 1987 were over 9,000 kilowatt hours. A PUD employee told Detective Zinter that these consumption records were much higher than normal. The informant told Detective Bonallo that there were no devices in the home which would account for high power consumption; in fact, Dice heated the home with a wood stove to reduce the consumption of electricity.

Police found growing marijuana plants at Dice's residence. In total, the officers found more than 40 grams of

marijuana. In addition to the marijuana, they seized various items including letters of occupancy, cars, weapons, cash, and numerous personal items. On October 27, 1987, Dice filed a motion for return of property.

By information filed November 4, 1987, Dice was charged with one count of possession of a controlled substance with intent to manufacture or deliver. The filing of the information converted the motion to return property to a motion to suppress. The motion to suppress was denied by memorandum filed January 22, 1988. The matter then proceeded to bench trial March 7. Dice was found guilty as charged. This appeal timely followed.

### PROBABLE CAUSE

A warrant may only issue upon probable cause. U.S. Const. amend. 4. The basic test for probable cause to enable a judge to issue a search warrant was set forth in *Aguilar v. Texas,* 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509 (1964) and *Spinelli v. United States,* 393 U.S. 410, 21 L. Ed. 2d 637, 89 S. Ct. 584 (1969).[1] To satisfy that test, the affiant must:

> set forth the underlying circumstances necessary to permit the magistrate issuing the warrant to independently determine that the informant had a factual basis for his allegations; and, second, the affiant must present sufficient facts so the magistrate may determine the credibility or the reliability of the informant.

*State v. Woodall,* 100 Wn.2d 74, 75–76, 666 P.2d 364 (1983).

If an informant's tip does not satisfy the 2–prong *Aguilar–Spinelli* test, probable cause may still be established by independent police investigatory work that corroborates the information gained from the informant. *State v. Jackson,* 102 Wn.2d 432, 445, 688 P.2d 136 (1984). Great

---

[1]Although the United States Supreme Court in *Illinois v. Gates,* 462 U.S. 213, 76 L. Ed. 2d 527, 103 S. Ct. 2317 (1983) modified the 2–prong test to one of "totality of the circumstances", the Washington Supreme Court in *State v. Jackson,* 102 Wn.2d 432, 433, 443, 688 P.2d 136 (1984) held that the more stringent *Aguilar–Spinelli* test was still good law in Washington.

deference will be given to the issuing magistrate's determination of probable cause to issue a search warrant. *State v. Coates,* 107 Wn.2d 882, 735 P.2d 64 (1987).

Dice argues that the search warrant affidavit was deficient as to the veracity or reliability prong. He contends that the description of the confidential informant as a homeowner who raised children, has been employed for the last 20 years, and has no criminal record is legally insufficient in that it fails to establish veracity.

In *State v. Berlin,* 46 Wn. App. 587, 731 P.2d 548 (1987), a prosecution for possession of marijuana, the police officer's supporting affidavit for the search warrant stated that the officer had received information concerning a marijuana grow operation from three citizen informants who wished to remain anonymous for fear of retribution. The affidavit went on to state that the officer had checked and found that the informants had no criminal background, came forward voluntarily, all appeared to be honest citizens, and had given the officer their names and telephone numbers. *State v. Berlin, supra* at 588–89.

The *Berlin* court noted that in all previous Washington cases involving a citizen informant in which the court ruled that the veracity prong was satisfied, the citizen's identity had been revealed to the magistrate. *State v. Berlin, supra* at 590. The *Berlin* court took note of *State v. Chatmon,* 9 Wn. App. 741, 515 P.2d 530 (1973), a case in which an informant refused to identify himself, even to the police. The *Chatmon* court held that there was insufficient indicia of reliability. *State v. Chatmon, supra* at 748. However, the *Chatmon* court set forth the following protocol for establishing informant reliability:

> To establish the reliability of a citizen informant, and thus to fulfill the second prong of the *Aguilar* test, it is only necessary for the police to interview the informant and ascertain such background facts as would support a reasonable inference that he is "prudent" or credible, and without motive to falsify. In making this determination, the police may justifiably assume that the ordinary citizen who has seldom or never reported a crime to the police may, in fact, be more

reliable than one who supplies information on a regular basis.

In making this evaluation, an ascertainment of the citizen's identity will almost invariably be necessary. However, should the citizen wish to remain anonymous, as here, his reliability could certainly be corroborated by description of him, his purpose for being at the locus of the crime, and the reason for his desire to remain anonymous.

(Citations omitted.) *State v. Berlin, supra* at 591 (quoting *State v. Chatmon, supra* at 748). The *Berlin* court went on to examine the affidavit before it, and distinguished the affidavit challenged in *Chatmon,* because the informants in *Berlin* had given their names to the officer and he had checked their backgrounds and determined they had no criminal record. The affidavit also contained a legitimate reason why they wished to remain anonymous. *State v. Berlin, supra* at 591. The *Berlin* court held that the reliability prong was satisfied. *State v. Berlin, supra* at 591–92.

█ Similarly, in the present case, we find that the reliability prong of the warrant can be upheld. As in *Berlin,* the affidavit here states why the informant wishes to remain anonymous. In addition, the informant fully identified himself/herself to the officer and had no criminal record.[2] Moreover, the record shows that the informant had no motive to falsify, did not try to conceal his or her identity, and sought no personal benefit.

Accordingly, we find that these circumstances meet the requirements as set forth in the *Berlin* case.

Dice next argues that independent police investigation did not sufficiently corroborate the information obtained from the informant, and that the power consumption records cannot be used because they were obtained illegally. This issue need not be addressed because we find that the *Aguilar–Spinelli* test is satisfied. While increased power

---

[2] So that cases of this nature will not be used as a convenient formula to avoid the *Aguilar–Spinelli* test, we strongly suggest that the background of citizen informants be checked to the extent of confirming residence address, length of residence, employment and family history.

consumption alone is insufficient to verify a tip that criminal activity is being conducted upon a premises, *State v. Huft*, 106 Wn.2d 206, 211, 720 P.2d 838 (1986), we nevertheless note that the unusual power usage here provided some corroboration for the citizen informant. Furthermore, there was no violation of Dice's rights in the manner in which the officers gained the information in this case.

Finally, Dice argues that weapons and cars seized from him during execution of the search warrant were illegally taken because their seizure exceeded the scope of the warrant. This evidence was not presented to the trial court in the stipulated facts, nor was it relied upon by the trial court when it entered its findings of fact and conclusions of law upon convicting Dice. Accordingly, because the evidence was not used in obtaining Dice's conviction, it is irrelevant to this appeal and we need not consider it.

Judgment affirmed.

SWANSON and FORREST, JJ., concur.