[No. 10805-8-III. Division Three. April 30, 1991.]

THE STATE OF WASHINGTON, *Respondent,* v. PEDRO HERNANDEZ COLIN, *Appellant.*

*Steven N. Vlcko* and *Cowan, Walker, Jonson, Moore, Nickola & Heye,* for appellant.

*Dennis DeFelice, Prosecuting Attorney,* and *Charles E. Maddock, Deputy,* for respondent.

MUNSON, J.—Pedro Colin appeals his conviction for possession of heroin, possession of cocaine, and three counts of delivery of a controlled substance (cocaine). He contends the affidavit given by the police officer in requesting the search warrant was insufficient in that it did not establish the credibility of the officer's informant, and the scope of the search of his person exceeded the scope of the search warrant. We affirm.

On February 16, 1990, Detective Glen Thompson applied for a telephonic warrant to search a residence in Pasco, Washington, and to search the person of a Hispanic male adult described as "approximately 24 years of age, 5'8", 155 to 160 lbs., clean shaven having neck length . . . black hair, and brown eyes." The supporting affidavit indicated the officer was relying on information provided by a confidential informant. The court authorized the warrant.

Pasco police officers executed the search warrant on the afternoon of February 16. On entering the residence, the officers encountered five persons, one of whom was Pedro Colin. He adequately matched the description in the warrant. After being frisked for weapons and advised of his rights, Mr. Colin was taken to another room, told to undress, and visually examined for contraband. The officers did not touch him during the course of the strip search. At oral argument it was disclosed heroin was found in Mr. Colin's underwear.

Mr. Colin's motion to suppress evidence discovered in the course of the search was denied. He appeals.

Mr. Colin contends the affidavit in support of the search warrant failed to establish the reliability of the confidential informant. If an informant's tip is relied upon to establish probable cause to issue a search warrant, the officer's affidavit must set forth underlying circumstances which support the conclusion the informant is credible or his information is reliable.[1] *State v. Jackson,* 102 Wn.2d 432, 435, 688 P.2d 136 (1984).

A conclusory statement, which presents no underlying facts from which the issuing judicial officer could independently determine the informant's reliability, is insufficient. *State v. Woodall,* 100 Wn.2d 74, 666 P.2d 364 (1983). Thus, the description "'[a] reliable informant who has proven to be reliable in the past'" was held insufficient in *Woodall,* at 76.

*State v. Fisher,* 96 Wn.2d 962, 965, 639 P.2d 743, *cert. denied,* 457 U.S. 1137 (1982) held a statement that the informant had given the officer information "proven to be true and correct in the past" was at least a factual statement, not a mere conclusion, and was sufficient to enable a magistrate to make an independent determination of reliability. A statement the informant has given information which led to arrests in the past establishes the informant's "track record" and is sufficient to satisfy' the reliability requirement. *State v. Wolken,* 103 Wn.2d 823, 827, 700 P.2d 319 (1985); *State v. Freeman,* 47 Wn. App. 870, 875, 737 P.2d 704, *review denied,* 108 Wn.2d 1032 (1987).

The affidavit in this case contained the following statements:

> The CI [confidential informant] has been established as a [*sic*] reliable through the course of this investigation. Based on information provided by the CI one arrest has resulted in this investigation. Also, the CI has provided information regarding other narcotics related investigations that have been proven as accurate by other detectives.

---

[1] The affidavit must also set forth circumstances from which an independent assessment of the informant's basis of knowledge may be evaluated. *State v. Jackson,* 102 Wn.2d 432, 435, 688 P.2d 136 (1984). Mr. Colin does not challenge the sufficiency of the affidavit as to the basis of knowledge requirement.

These factual assertions about the informant's track record meet or exceed the standards applied in *Wolken, Woodall,* and *Fisher.* The trial court properly sustained the validity of the search warrant.

Mr. Colin contends the strip search conducted contemporaneously with his arrest exceeded the scope of the search warrant which authorized the officers to "search the above described . . . person(s) . . .".

Most of the published opinions on the validity of strip searches involve border searches or searches conducted while in custodial confinement. *See Bell v. Wolfish,* 441 U.S. 520, 559, 60 L. Ed. 2d 447, 99 S. Ct. 1861 (1979); *United States v. Charleus,* 871 F.2d 265 (2d Cir. 1989); *Hill v. Bogans,* 735 F.2d 391 (10th Cir. 1984); *Tinetti v. Wittke,* 479 F. Supp. 486 (E.D. Wis. 1979), *aff'd,* 620 F.2d 160 (7th Cir. 1980); *State v. Hartzog,* 96 Wn.2d 383, 635 P.2d 694 (1981). Border searches are subject to different standards from those applicable to other searches. *Charleus,* at 267. Similarly, the "significant and legitimate security interests of the institution" are not present when a strip search is conducted in a residence pursuant to a warrant. *Bell,* at 560. These cases are not helpful in resolving the issue of whether the strip search in the present case was proper.

The Fourth Amendment prohibits unreasonable searches. *State v. Meacham,* 93 Wn.2d 735, 739, 612 P.2d 795 (1980). The test of reasonableness requires a balancing of governmental interests with the individual's right to be free from intrusions. *State v. McKinnon,* 88 Wn.2d 75, 78–79, 558 P.2d 781 (1977).

The Legislature has placed specific limitations on the conduct of strip searches and body cavity searches by law enforcement agencies. *See* RCW 10.79.060 through .170. RCW 10.79.070(1) defines the term "strip search" as

"having a person remove or arrange some or all of his or her clothing so as to permit an inspection of the genitals, buttocks, anus, or undergarments of the person or breasts of a female person."

 Although statutory limitations on body searches are not applicable to searches incident to arrest, the Legislature has provided guidelines on the justification and the manner in which the searches are to be conducted. RCW 10.79.080; RCW 10.79.100(6). Here, the body search for contraband did not involve any bodily touching, was done in the privacy of a room where it was not observed by persons not involved in the search, was performed by persons of the same sex, pursuant to a search warrant. RCW 10.79.100(1), (2), (3).[2]

Here, a search warrant had been issued which expressly authorized the search of a Hispanic male matching Mr. Colin's description. The officer applying for the warrant did not articulate reasons why a strip search was necessary and reasonable under the circumstances. Such a statement would assist the court in assessing the reasonableness of the search.

This court, however, can ascertain from the record sufficient facts to establish reasonableness. The search warrant was executed for the express purpose of procuring controlled substances likely to be found on the premises or the person described in the warrant. Such substances could be readily concealed on the person so that they would not be found without a strip search. The scope of the search, while more intrusive than a search of a person's outer garments, was justified by the State's interest in obtaining criminal

---

[2]Since a body cavity search was not conducted nor was the search done during a booking procedure, within a holding, detention, or local correctional facility, the statutes applicable in those instances are not relevant.

evidence. The search was conducted in a reasonable manner and place prescribed by statute.

Affirmed.

GREEN, C.J., and THOMPSON, J., concur.