[No. 8085.   Department One.   October 19, 1909.]

## THE STATE OF WASHINGTON, *Respondent*, v. C. T. EAID, *Appellant.*[1]

PERJURY—INDICTMENT—SUFFICIENCY.   Under Bal. Code, § 7185,
making it perjury for any one to wilfully, and contrary to his oath
taken in cause, state as true material matter which he knows to be
false, and Id., § 7191, providing that "an unqualified statement of
that which one does not know to be true is equivalent to a state-
ment of that which one knows to be false," the common law and
statutory crimes are substantially the same, and an information
good at common law is good under the statute.

SAME.   An information charging perjury is sufficient where it
clearly sets forth in ordinary language, without repetition, the sub-
stance of the controversy in which the oath was taken, the taking
of the oath, the authority of the court, and proper allegations as to
the falsity of the matter.

SAME — DUPLICITY — CRIMINAL LAW—TRIAL—ELECTION BETWEEN
COUNTS.   An information for perjury may embrace in a single count
all the particulars in which the defendant is alleged to have sworn
falsely, and it is not error to refuse to require the prosecution to
make an election, upon a charge that the accused testified falsely
that he did not know of the prior execution of a contract and did
not know that Y. was the owner of certain property.

WITNESSES—IMPEACHMENT—PREJUDICE OR INTEREST—PERJURY.   On
a trial for perjury committed in a civil action, the accused has a

[1]Reported in 104 Pac. 275.

right to show that the principal witnesses against him are interested in the civil action, which was still pending for trial, and would profit by his conviction under Bal. Code, § 5992, rendering a person convicted of perjury incompetent to testify therein.

Appeal from a judgment of the superior court for Thurston county, Yakey, J., entered November 25, 1908, upon a trial and conviction of the crime of perjury.  Reversed.

*J. A. Hoshor*, for appellant.
*John M. Wilson*, for respondent.

Rudkin, C. J.—The appellant was convicted of the crime of perjury, and the present appeal is prosecuted from the final judgment and sentence of the court.  A demurrer interposed to the indictment was overruled, and upon this ruling the first error is assigned.  The charging part of the indictment, so far as material to the present inquiry, is in these words:

".  .  . and whether or not the said C. T. Eaid was aware of and knew on the 21st day of October, 1907, and subsequently thereto knew that one E. T. Young was the owner or claimed to be the owner of a certain donkey engine mentioned and set forth and described in the said contract, and the said witness, C. T. Eaid, did then and thereupon his oath taken as aforesaid in the said cause, feloniously, wilfully, falsely and corruptly and knowingly, and contrary to such oath depose and swear among other things, in substance to the effect following, that is to say:  That he, the said witness, C. T. Eaid, did not know of the prior execution of the said contract on or about Oct. 21, 1907, and did not know that the said E. T. Young was the owner or claimed to be the owner of the said donkey logging engine together with float and appurtenances set forth in the said instrument in writing, to wit: the said contract hereinabove set forth on or about Oct. 21, 1907, whereas, in truth and fact the said witness, C. T. Eaid did know of the prior execution of the said instrument and contract in writing on or about Oct. 21, 1907, and was present at the time and place when the

said instrument in writing and contract was signed and executed, and did actively participate and take part in the preparation and execution thereof and did know at the said time of the execution of the said contract, to wit: on the 21st day of October, 1907, that the said E. T. Young was the owner and claimed to be the owner of the donkey logging engine with float and appurtenances as set forth and described in the said instrument in writing, and that the said witness, C. T. Eaid, feloniously, wilfully, falsely, and corruptly and knowingly, contrary to the said oath as aforesaid, in the manner and form as aforesaid, did then and there commit the crime of perjury, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the state of Washington."

The particular objection urged in support of the demurrer is that the indictment fails to charge that the appellant *stated as true* the facts or matters upon which the perjury was assigned. Bal. Code, § 7185 (P. C. § 1695), defines the crime of perjury as follows:

"Every person who, having taken an oath that he will testify, declare, depose, or certify truly before any competent tribunal, officer, or person in any of the cases in which such an oath may by law be administered, wilfully and contrary to his oath, states as true any material matter which he knows to be false, is guilty of perjury."

The requisites of an indictment or information for perjury are thus stated:

"In an indictment or information for perjury, or subornation of perjury, it is sufficient to set forth the substance of the controversy or matter in respect to which the crime was committed, and in what court or before whom the oath alleged to be false was taken, and that the court or person before whom it was taken had authority to administer it, with proper allegations of the falsity of the matter on which the perjury is assigned; but the indictment or information need not set forth the pleadings, record or proceedings with which the oath is connected, nor the commission or authority of the court or person before whom the perjury was committed."
Bal. Code, § 6857 (P. C. § 2110).

Other sections of the code bearing on the question under consideration are as following:

"Words used in a statute to define a crime need not be strictly pursued in the indictment or information, but other words, conveying the same meaning, may be used." Bal. Code, § 6849 (P. C. § 2102).

"The indictment or information is sufficient if it can be understood therefrom, . . . (6) That the act or omission charged as the crime is clearly and distinctly set forth in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended; (7) That the act or omission charged as the crime is stated with such a degree of certainty as to enable the court to pronounce judgment upon a conviction, according to the right of the case." Bal. Code, § 6850 (P. C. § 2103).

"No indictment or information is insufficient, nor can the trial, judgment, or other proceedings thereon be affected, by reason of any of the following matters, which were formerly deemed defects or imperfections:— . . . (4) For any surplusage or repugnant allegation, or for any repetition, when there is sufficient matter alleged to indicate clearly the offense and the person charged; nor (5) For any other matter which was formerly deemed a defect or imperfection, but which does not tend to the prejudice of the substantial rights of the defendant upon the merits." Bal. Code, § 6851 (P. C. § 2104).

Our statutory definition of perjury does not differ materially from the definitions found in Hawkins, Bacon, Blackstone and other common law writers. Blackstone defines it as:

"A crime committed when a lawful oath is administered, in some judicial proceeding, to a person who swears wilfully, absolutely and falsely, in a matter material to the issue or point in question." 4 Blackstone, Commentaries, 137.

See, also, 2 Hawkins, Pleas of the Crown, chap. 69, § 1; Bacon's Abridgment, title Perjury.

There is, perhaps, this difference between perjury as defined by Bal. Code, § 7185 (P. C. § 1695), and perjury at

common law; under the statute the testimony itself must be
false, while the common law punished the taking of a false
oath, and a person was guilty of perjury if he swore to a
fact of which he knew nothing, whether it be true or false.
Bal. Code, § 7191 (P. C. § 1701), provides that, "An un-
qualified statement of that which one does not know to be
true is equivalent to a statement of that which one knows to
be false," and when the two sections are ·construed together,
the common law and statutory crimes are substantially, if not
identically, the same.  If so, we see no reason why a common
law indictment should not be good under the statute, and the
indictment under consideration follows the approved com-
mon law forms.  See, 2 Archibold, Criminal Practice and
Pleading, 1738; Bishop, Directions and Forms, § 871, et seq.,
and authorities cited.

Furthermore, the act or omission charged as a crime is
clearly and distinctly set forth in ordinary and concise lang-
uage, without repetition, and in such a manner as to enable
a person of common understanding to know what is intended.
The indictment sets forth the substance of the controversy
in which the crime was committed, in what court the oath
alleged to be false was taken, that the court before which the
oath was taken had authority to administer it, with proper
allegations of the falsity of the matter on which the perjury
is assigned.  This, in our opinion, satisfies all the require-
ments of the law.  A doubt as to the sufficiency of an informa-
tion charging the crime of perjury in almost the identical
language of this indictment was suggested in *State v. Guse*,
21 Wash. 209, 57 Pac. 831, but the point was not decided,
and further consideration convinces us that the doubt was
not well grounded.

The indictment charged that the appellant testified that
he did not know "of the prior execution of the said contract
on or about October 21, 1907, *and* did not know that the
said E. T. Young was the owner, or claimed to be the owner,
of said donkey engine."  At the commencement of the trial

the appellant moved the court to require the prosecution to elect upon which charge it would rely, but the motion was overruled and, upon this ruling, the second error is assigned.

"An indictment for perjury may embrace in a single count all the particulars in which the defendant is alleged to have sworn falsely; but each fact sworn to should be stated in definite and separate assignments, and each traversed, so that if either assignment is proved, the indictment may be sustained. If one assignment of perjury is sufficient, an improper assignment in connection with it will not vitiate the indictment. The fact that an indictment charges two distinct false statements under oath does not render the indictment bad if the statements were both given under one oath and in one proceeding." 30 Cyc. 1439.

There was no error in the ruling complained of.

The appellant at the trial offered to prove the status of the civil action in which the false testimony is alleged to have been given, but an objection interposed by the state was sustained. This ruling was erroneous and prejudicial. The defendants in the civil action were the principal witnesses against the appellant on the trial of the criminal prosecution. If the judgment appealed from is affirmed, the appellant is rendered incompetent to testify in the civil action or any other case, unless he shall receive a pardon. Bal. Code, § 5992 (P. C. § 938). The defendants in the civil action would profit by the conviction of the appellant to that extent, and it was clearly competent to show that fact and to have the jury properly instructed as to the effect of the conviction. In practice a prosecution for perjury is frequently continued until the proceeding in which the perjury is alleged to have been committed is ended. 30 Cyc. 1324. But if not continued, and the parties to the pending civil action are witnesses against the accused on the trial of the criminal action, the accused has an unquestionable right to show that they will profit by his conviction. For some reason the civil cause had not been decided at the time of the trial of the present action—perhaps because of the death of the pre-

siding judge—and the appellant was permitted to show that fact; but he had a right to go further and show that the civil action was still pending and for trial. Reversed and remanded.

GOSE, MORRIS, CHADWICK, and FULLERTON, JJ., concur.