[No. 3812–II.   Division Two.   April 1, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. ROBERT J. JONES, *Appellant.*

---

*John R. Rutz,* for appellant.

*Grant S. Meiner, Prosecuting Attorney,* and *Kenneth L. Cowsert, Deputy,* for respondent.

PEARSON, J.—Robert Jones appeals from convictions of possession of a controlled substance and delivery of a controlled substance. The primary issue is whether defendant was improperly denied the right to call witnesses to establish bias of the chief prosecution witness. We remand this case for a new trial.

In July 1977, defendant allegedly made an agreement to deliver a quantity of marijuana to a police undercover officer. According to the officer's version of the transaction, he and defendant agreed on a price for two "lids" of marijuana to be delivered on the following afternoon. At the agreed time, defendant and an unidentified second person appeared in an automobile. Defendant produced three bags of material, handed two of them to the officer, received $20 in return, and gave the other person in the car the third bag. The officer then called another policeman, who picked up the bags about 15 minutes later; the bags proved to contain slightly over 40 grams of marijuana. After a delay of some 11 months, defendant was charged with both possession and delivery of a controlled substance, and after a jury trial was convicted of both offenses.

On appeal, defendant raises three issues. The first issue is whether he was denied due process by the delay between the incident and the filing of charges, *i.e.,* some 11 months. The State presented evidence suggesting that the delay was occasioned, at least in substantial part, by a desire not to expose an ongoing undercover investigation involving a total of three police agents. However, we do not address the propriety of this explanation because of the unusual facts of this matter. Defendant testified he had no memory of the alleged transaction. He indicated he was subject to alcohol–induced blackouts, and could neither confirm nor deny the incident took place. He admitted that his memory was so impaired that it would make no difference whether he had been tried the week after the incident or 11 months later.

A leading Washington case on the question of delay between commission of a crime and the filing of charges is

*State v. Haga,* 8 Wn. App. 481, 507 P.2d 159 (1973). The rule set out in *Haga* requires that the defendant demonstrate actual prejudice arising from the delay before reversible error is established. In the present case, defendant's own testimony does not establish prejudice; it proves that no prejudice arose because of the delay. Certainly unwarranted delay in filing charges is not to be condoned. However, in this case, given defendant's own testimony, no prejudice and hence no reversible error occurred.

The second issue has to do with whether defendant could properly be convicted of both *possession* and *delivery* of a controlled substance. Defendant argues that the possession charge is a lesser included offense of delivery, and thus the double jeopardy provisions of the state and federal constitutions are violated by conviction on both charges. After analysis of the elements of both charges, we conclude that the one is not a lesser included offense of the other, therefore defendant could properly be convicted of both offenses.

██ Washington follows the so–called "same evidence" test in determining whether the double jeopardy concept is violated. *State v. Roybal,* 82 Wn.2d 577, 512 P.2d 718 (1973). Under this test, if the elements of one crime are different from those of the other, no violation occurs. In the present case, defendant has been convicted of possession of more than 40 grams of marijuana. Such possession amounts to a felony, because it is not within the exception found in RCW 69.50.401(e), RCW 69.50.204(d)(10), and RCW 69.50-.401(a). Defendant has also been convicted of delivery of marijuana. This offense is a felony without regard to the quantity of material involved. RCW 69.50.401(a). In this situation, it is possible to prove delivery without proving all of the elements of felony possession, notably the amount requirement.

We note the statement in *State v. Rhodes,* 18 Wn. App. 191, 567 P.2d 249 (1977) that possession of marijuana is a lesser included offense of the crime of delivery of marijuana. That statement must, however, be understood in its context. The charge was possession of less than 40 grams of

marijuana—a misdemeanor under RCW 69.50.401(e). Without the requirement of possession of a specific amount of marijuana, which is not necessary for the misdemeanor offense, the elements of the two crimes are the same, because possession can be proved by the same facts needed to prove delivery. We hold, however, that the elements of felony possession of marijuana and delivery of marijuana are different and that defendant could properly be charged and convicted of both crimes.

The third issue raised by the defendant is the pivotal issue, and concerns the trial court's refusal to allow him to call witnesses who would testify about the police agent's alleged bias against him. Under the facts of this case, we find that this restriction was error and that a new trial must be afforded defendant.

The only two witnesses who testified about the drug transaction were defendant and the police agent. The third person in the car with defendant was never found. The issue of which witness was credible was thus clearly drawn. Defendant offered to prove, by calling two different witnesses, that prior to a pretrial hearing the police agent had told defendant he was going to testify in such a way that he would "fry" defendant. The defendant offered the proof and it was rejected at a hearing prior to the beginning of the trial. At trial, defendant testified that this incident had occurred, as well as two other incidents in a tavern and a supermarket. The police agent was allowed to deny making the statement in the courtroom, and to offer his version of the other two incidents. However, the two witnesses produced by defendant to testify about the courtroom statement were not allowed to testify, on the ground that their testimony would constitute an attempt to impeach the police agent on a collateral matter.

We believe this ruling to be too restrictive. Defendant was offering to prove the actual bias of the State's witness toward him, and not merely attempting to impeach the witness on a collateral matter. A proper foundation for the testimony offered by defendant had been laid because

counsel had inquired particularly into the circumstances of the police agent's alleged statements, and the agent had denied making the statements. *State v. Harmon,* 21 Wn.2d 581, 152 P.2d 314 (1944). Even though evidence which establishes the bias of a witness does impeach the witness, such evidence is not considered impeachment on a purely collateral matter. *See* 5 R. Meisenholder, Wash. Prac. § 299 (1965). In any event, such evidence is admissible notwithstanding its collateral aspects. *State v. Constantine,* 48 Wash. 218, 93 P. 317 (1908).

In the circumstances of this case, it is reversible error to deny defendant the right to establish the bias of the chief prosecution witness by independent witnesses. *State v. Beaton,* 106 Wash. 423, 180 P. 146 (1919); *State v. Eaid,* 55 Wash. 302, 104 P. 275 (1909).

Though this case was tried prior to the effective date of the new rules of evidence, we see nothing in those rules which would change the result with regard to this particular evidence. 5 R. Meisenholder, *supra* at § 299. In a new trial of this case, defendant must be allowed to produce evidence showing the alleged bias of the police agent toward him.

Reversed and remanded for a new trial in accordance with this opinion.

REED, C.J., and JOHNSON, J. Pro Tem., concur.