[No. 21132–3–I. Division One. May 22, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. ALAN JOSEPH MOORE, *Appellant.*

212

*Jeffrey A. Thigpen* and *Herships & Tario,* for appellant.

*Seth R. Dawson, Prosecuting Attorney,* and *Mac D. Setter, Deputy,* for respondent.

COLEMAN, C.J.—Alan Joseph Moore appeals from his conviction on one count of possessing marijuana and one count of manufacturing marijuana. He argues that the evidence on which his conviction was based was obtained unlawfully and should have been suppressed. He also argues that his conviction on both counts violates the prohibition against double jeopardy. We affirm.

On October 31, 1986, a Whatcom County prosecutor arranged a telephonic conference with a magistrate for the purpose of obtaining a warrant to search Moore's residence. Detective Glen Hutchings testified that he sought the warrant to search Moore's residence for evidence of a marijuana growing operation based on information supplied by a citizen informant, David Richardson. The detective said Richardson had contacted him because he wanted to clear his conscience for having worked on the growing operation.

Richardson then testified about the growing operation. He revealed his identity and family background to the magistrate. He stated that Moore had hired him to trim

marijuana plants growing in his basement. Richardson explained that he had significant experience identifying marijuana and that the purpose of the operation was to cultivate and harvest marijuana. He testified in extensive detail about how the growing operation had been installed in the house. Richardson said that he had worked there approximately 15 to 20 times at 2 to 3 hours per visit between December 1985 and September 1986.

Richardson testified that his last visit to the house to work had been in September 1986. He also testified that Moore had visited him 2 days prior to this testimony and had discussed with him expanding the operation and having Richardson run part of the expanded operation.

At the conclusion of Richardson's testimony, the search warrant was granted. As a result of the warrant's execution, Moore was arrested and more than 40 grams of marijuana were seized from his home.

Moore moved to have the seized evidence suppressed. Specifically, Moore claimed, by affidavit, that if Richardson had indeed viewed his premises in August or September, he had done so without Moore's permission. He denied that Richardson worked for him in December 1985 or that they had recently discussed expanding the operation. Moore filed another affidavit in which he claimed to have confronted Richardson, who was with his wife and children at the time, about having informed on him and that Richardson told him that he had done so only because he was being "blackmailed" by the police, who had promised to prosecute him if he did not inform on Moore.

Moore argues that his affidavits established that Richardson was a government agent and that he made false statements to the magistrate issuing the warrant. Accordingly, Moore contends that the evidence seized pursuant to the warrant should be suppressed. Richardson and his wife filed affidavits disputing the material portions of Moore's version of their confrontation; in particular they disputed Moore's allegation that Richardson had been coerced into providing information to the police.

The Superior Court denied Moore's motion to suppress the evidence seized pursuant to the search warrant, finding that there was no evidence that Richardson had acted as an agent of the police when viewing Moore's premises and that his testimony provided probable cause for issuance of the warrant. The court also denied Moore's motion to compel an evidentiary hearing for the purpose of examining Richardson and his wife regarding the testimony that provided the basis for the warrant. Moore waived his right to a jury and was convicted as charged on stipulated facts.

We first address whether the trial court erred in denying appellant's motion for an evidentiary hearing to examine the informant whose testimony provided probable cause for the warrant to search appellant's residence.

Appellant argues that at the time Richardson viewed his premises to gather the information comprising his testimony, he was an agent of the police and thus any surveillance activity he conducted at appellant's residence would have to comply with the provisions of the Fourth Amendment. Appellant also argues that in many instances, Richardson's testimony was false or misleading. Consequently, appellant argues, he was entitled to an evidentiary hearing to examine Richardson.

A defendant is entitled to an evidentiary hearing upon making a "substantial preliminary showing" that an officer or an agent of the State knowingly or recklessly made a false statement that was the basis of a court's probable cause finding. *State v. Thetford,* 109 Wn.2d 392, 398, 745 P.2d 496 (1987) (a/k/a a *Franks* hearing, *see Franks v. Delaware,* 438 U.S. 154, 155, 57 L. Ed. 2d 667, 98 S. Ct. 2674 (1978)). The theory behind the *Franks* hearing is that the government is never permitted to benefit from its own misconduct. The *Franks* hearing arose as an exception to the "four corners" rule, which does not permit challenges to facially valid affidavits establishing probable cause. *See, e.g., United States v. Bowling,* 351 F.2d 236, 241–42 (6th Cir. 1965); Annot., 5 A.L.R.2d 394 (1949). The

*Franks* hearing was instituted to detect and deter the issuance of warrants based on information gathered as a result of governmental misconduct. *See Thetford,* at 399.

If, however, a nongovernmental affiant provides testimony upon which a warrant is based and that testimony is later shown to have been intentionally false or gathered by means that would constitute a constitutional violation if done by a governmental agent, *Franks,* nonetheless, does not apply. *Thetford,* at 398; 2 W. LaFave, *Search and Seizure* § 4.4(b) (1987). *Franks* does not apply in such instances because there exists no governmental misconduct that could be detected or deterred by a *Franks* hearing. Accordingly, to be entitled to a *Franks* hearing, appellant must establish by a "substantial preliminary showing" (1) that Richardson was a governmental agent, and (2) that Richardson made false statements to the magistrate. We find that appellant has failed to establish either of these requirements.

Here, the trial court found:

 That David Carl Richardson, who provided testimony in support of the warrant, is not an informant in the technical sense in that he provided first hand testimony and revealed his identity and background to the issuing magistrate; that he was not a police agent and, while he was acting in his own self–interest, he presented himself to the police and later to the magistrate as a citizen, not as an arm of law enforcement; that there is no evidence to support a contention that he collected information or viewed the premises in question as an agent of law enforcement;

 That questions have been raised as to the accuracy of Richardson's testimony before the issuing magistrate; that because Richardson was not acting as a police agent, and the police had no involvement in acquiring the information presented by Richardson, the Court need not determine whether Richardson made innocent, reckless or intentional misrepresentations to the issuing magistrate or in fact made no misrepresentations at all; that Richardson's credibility is a matter for the issuing magistrate's review and there is substantial evidence in the

record to support the assessment that Richardson was reliable and was presenting firsthand information[.]

The court specifically found that appellant's affidavits, which were the sole basis upon which he predicated his argument that Richardson was a government agent

> do not provide a basis for concluding that David Richardson was an agent for law enforcement at the time he viewed the premises which were the subject of the later search warrant[.]

To prove that a citizen informant was acting as a government agent, "'[i]t must be shown that the State in some way "instigated, encouraged, counseled, directed, or controlled" the conduct of the private person.'" *State v. Smith*, 110 Wn.2d 658, 666, 756 P.2d 722 (1988) (quoting *State v. Wolken*, 103 Wn.2d 823, 830, 700 P.2d 319 (1985)).

> For agency to exist there must be a manifestation of consent by the principal (the police) that the agent (the informant) acts for the police and under their control and consent by the informant that he or she will conduct themselves subject to police control. *See Turnbull v. Shelton*, 47 Wn.2d 70, 72, 286 P.2d 676 (1955); *Poutre v. Saunders*, 19 Wn.2d 561, 565, 143 P.2d 554 (1943).

*Smith*, at 670.[1] The court considers "all the circumstances of the case" when determining whether such agency exists. *Thetford*, at 400.

We agree with the trial court's conclusion that Richardson was not an agent when he searched appellant's residence.

---

[1] While the constitutional protections of the Fourth Amendment are implicated when the hand of the government can be seen instigating, controlling, or participating in a private citizen's actions, *Smith*, at 666, lesser governmental involvement will not turn a private citizen's conduct into governmental action. For example, even the government's general offer to pay a citizen for useful information does not transform the citizen's conduct in acquiring such information into a governmental search. *See United States v. Valen*, 479 F.2d 467, 469 (3d Cir. 1973) (air freight employee was not a government agent when he reported finding drugs in baggage even though he had previously been paid for information passed on to customs agents who had asked him to pass along anything suspicious in the future and he was paid in the instant case).

Here, Richardson's oral testimony, his affidavit, his wife's affidavit, and Detective Hutchings' testimony all established that Richardson was acting voluntarily and independently of the police when he observed appellant's residence.[2] Indeed, that evidence establishes that all of Richardson's observations occurred before he had any contact with the police.

Appellant's allegation that Richardson is an agent of the government is primarily based on appellant's claim in his

---

[2]Richardson testified to the magistrate:

"[Prosecutor]: OK, do you also understand you've revealed to the court certain involvement on your part which is perhaps against your interests. You've admitted being employed as a trimmer in a marijuana operation.

"[Richardson]: Yes sir.

"[Prosecutor]: OK, and you're doing this freely to basically extricate yourself from your involvement in this situation.

"[Richardson]: Yes sir.

"[Prosecutor]: Okay, have any promises or threats been made to you to get your cooperation to provide this testimony today?

"[Richardson]: No sir, not at all."

Richardson's affidavit provided:

"Furthermore, no one pressured myself or my wife into providing information in support of the search warrant. No one blackmailed me into providing information to the judge that issued the search warrant."

Cyndy Richardson's affidavit provided:

"That I am the wife of David Richardson. That I was present on April 1, 1987, when Alan Moore contacted us near our family home. I have read my husband's affidavit as to that contact. That his affidavit is accurate.

Officer Hutchings testified at the suppression hearing:

"[Prosecutor]: OK. Within the last two weeks, a gentleman came to you with information on that residence. Is that correct?

"[Officer Hutchings]: That's correct.

"[Prosecutor]: And that would be a David or Dave Richardson?

"[Officer Hutchings]: That's correct.

"[Prosecutor]: And did he explain to you why he was contacting you?

"[Officer Hutchings]: Yes.

"[Prosecutor]: And would you tell the Judge the reason for that?

"[Officer Hutchings]: He had been loosely associated with the owner or occupant of this 1809 H Street, his association was simply based on a kind of a working relationship with the fellow who had hired him to trim marijuana plants that the guy had growing in his basement. This person that came to me indicated that it had caused some problems with his conscience and as well as, after reflecting on the operation that the person had and the large selling of quantities of marijuana, he felt that his conscience would be cleared and better served if he revealed that information."

affidavit that Richardson told him the police were black-mailing him into informing. Appellant's affidavit is directly contradicted by Richardson's and Richardson's wife's affidavits. Appellant's affidavit is self–serving and entirely uncorroborated. The trial court did not find appellant's affidavit to be sufficient.

The evidence before the trial court on this issue amply supports the finding that Richardson's search of appellant's house was not done at the instigation, with the participation, or under the observation of the State. *State v. Thetford*, 109 Wn.2d 392, 400, 745 P.2d 496 (1987). Accordingly, we affirm the trial court's finding that Richardson was not an agent of the police.

Moreover, even if Richardson had been a governmental informant, there is no "substantial preliminary showing" that Richardson made false statements in his testimony.

■ In determining whether a defendant has made a substantial preliminary showing of falsity,

> defendants are not required to prove their charges [of falsity] by a preponderance of the evidence before being entitled to a *Franks* hearing. . . . *see generally United States v. Chesher*, 678 F.2d 1353, 1362 (9th Cir. 1982) ("clear proof" is not required to be shown before a defendant is entitled to an evidentiary hearing).
>> There is . . . a presumption of validity with respect to the affidavit supporting the search warrant. . . . [T]he challenger's attack must be more than conclusory and . . . [t]here must be allegations of deliberate falsehood or of reckless disregard for the truth . . .
>
> *Franks*, 438 U.S. at 171.

*Thetford*, at 402–03.

Appellant's showing in this regard consists of three affidavits. They allege that Richardson's testimony to the magistrate was false in four respects: that Richardson did not observe the interior of appellant's residence between mid–August and the end of October 1986; that Richardson did not first come to work at appellant's residence in December 1985; that appellant and Richardson did not converse 2 days prior to Richardson's testimony about

expanding the operation; and that Richardson's testimony was not voluntary, but coerced by the local police. All of these allegations are uncorroborated. Appellant provides no substantiation for them in the form of objective documentation or disinterested testimony.

Because there is a presumption favoring the testimony supporting the warrant, the challenger bears the burden of providing a substantial preliminary showing of falsity. *Thetford,* at 403. Something more than uncorroborated, self–serving, or conclusory allegations is necessary to produce a substantial showing.[3] Accordingly, we conclude that appellant has failed to carry his burden in this regard.

We next address whether appellant's conviction for possessing more than 40 grams of marijuana and for manufacturing marijuana violate the prohibition against double jeopardy.

Appellant argues that because one cannot manufacture marijuana without possessing it, possession is a lesser included offense that merges into manufacture and, consequently, it is improper to convict a defendant for both crimes arising from the same incident. This issue has been addressed in *State v. Jones,* 25 Wn. App. 746, 610 P.2d 934 (1980). In *Jones,* the court held that the prohibition against double jeopardy was not violated by a conviction for possession of more than 40 grams of marijuana (felony) and for delivery of a controlled substance (felony). Since delivery is a felony without regard to the amount possessed, it can be proved without proving all the elements of possession, *i.e.,* the amount possessed. Consequently, the elements of the

---

[3]Appellant argues that under *State v. Casal,* 103 Wn.2d 812, 820, 699 P.2d 1234 (1985), the mere inconsistency between his affidavit and Richardson's should be a sufficient preliminary showing. *Casal* is inapposite, however, to this case.

*Casal* deals with the showing required to entitle a defendant to an in camera ex parte hearing when probable cause is supplied by an undisclosed informant. *Casal* simply does not deal with the preliminary showing required to entitle a defendant to a full evidentiary hearing for the purpose of inquiring into a disclosed informant's veracity.

crime being different, double jeopardy does not result from a conviction for both crimes. *Jones,* at 749.

Similarly, in this case appellant was convicted of two felonies: possession of more than 40 grams of marijuana and manufacturing a controlled substance. Manufacturing marijuana does not have an amount requirement as an element of the crime. RCW 69.50.401(a)(1)(ii). Consequently, the reasoning of *Jones* applies with equal force to appellant's circumstance. Accordingly, the prohibition against double jeopardy was not violated in this case.

Finally, appellant argues that RCW 69.50.401 is ambiguous when subsections (a)(1)(ii)[4] and (e)[5] are read together. This argument is without merit. Subsection (e) has no application to appellant's case since he was convicted of possessing more than 40 grams of marijuana. Moreover, there is no apparent ambiguity between the provisions.

The judgment of the trial court is affirmed.

PEKELIS and WINSOR, JJ., concur.

Reconsideration denied July 26, 1989.

Review denied at 113 Wn.2d 1027 (1989).

---

[4]RCW 69.50.401(a)(ii) under which defendant was convicted provides:

"Except as authorized by this chapter, it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance.

"(1) Any person who violates this subsection with respect to:

". . .

"(ii) any other controlled substance classified in Schedule I, II, or III, is guilty of a crime and upon conviction may be imprisoned for not more than five years, fined not more than ten thousand dollars, or both[.]"

[5]RCW 69.50.401(e) provides:

"Except as provided for in subsection (a)(1)(ii) of this section any person found guilty of possession of forty grams or less of marihuana shall be guilty of a misdemeanor."