134

[No. 13567-1-II.   Division Two.   April 17, 1992.]

THE STATE OF WASHINGTON, *Respondent*, v. RODNEY H. SELANDER, *Appellant*.

*Robert W. Huffhines, Jr.,* for appellant (appointed counsel for appeal).

*C.C. Bridgewater, Prosecuting Attorney,* for respondent.

PETRICH, C.J. — After a denial of his motion to suppress evidence seized pursuant to a search warrant, Rodney Selander was found guilty after a bench trial on stipulated facts of possession of marijuana with intent to manufacture, RCW 69.50.401(a)(1). He appeals from a judgment and sentence, claiming several errors; however, in view of our disposition of the case, we need only address his contentions that the trial court denied him his right to a jury trial; that the affidavit in support of the search warrant did not establish the veracity of the unidentified informant; and that the trial court improperly refused to make a record of an in camera hearing, held to determine whether the affiant knowingly and intelligently or with reckless disregard for the truth included false information critical to the determination of probable cause.

We are satisfied that the trial court did not deprive Selander of his right to a jury trial and that the affidavit established the veracity of the informant. Nevertheless, because there is no record of the in camera hearing to address the challenge that the affiant misrepresented critical facts, we are unable to provide adequate appellate review, and, therefore, vacate the conviction and remand for an in camera hearing.

On August 27, 1989, an informant called Deputy Covington of the Cowlitz County Sheriff's office and informed him that he had observed a grow operation in Selander's garage. Deputy Covington obtained a search warrant and served it on Selander the next day. The officers of the drug task force

serving the warrant found 12 large marijuana plants and many smaller plants in the rear of Selander's garage.

Selander moved to suppress the evidence, contending that the search warrant affidavit contained false representations of fact. The trial court took Selander's testimony and then decided that it needed to talk with the undisclosed informant. When the prosecution told the court to record the hearing and have it sealed for review, the judge said, "Well, I'm not sure I have to report it, the first conversation I have with him . . . Only if I find there's any reason to believe it should go any further." The court then held an unrecorded in camera meeting with the informant.

On November 17, 1989, Selander renewed his motion to dismiss, this time asserting that the search warrant affidavit failed to establish the reliability of the informant. At the hearing on this motion, Officer Covington revealed that he had just learned that the informant had not obtained his information by glancing through the windows of Selander's garage, but by crawling into the garage. The court denied Selander's motion. On November 20, 1989, Selander was found guilty on stipulated facts. One of the findings of fact from the probable cause hearings was that the in camera hearing made it "evident that the affiant made no material misrepresentations in the affidavit regarding information given to him by the confidential informant."

### Right to Trial by Jury

■■ In his pro se brief, Selander, without supplying any argument or authority, seems to imply that he lacked an understanding of his right to a jury trial. We do not consider assigned errors unsupported by argument or authority. *State v. Young*, 89 Wn.2d 613, 625, 574 P.2d 1171, *cert. denied*, 439 U.S. 870 (1978). Nevertheless, we do note that because a stipulation of facts trial is substantively different from a guilty plea proceeding, a defendant is not given the protection of CrR 4.2, which governs pleas, and need not be advised of his constitutional rights. *State v. Johnson*, 104 Wn.2d 338, 342-43, 705 P.2d 773 (1985).

## THE *AGUILAR-SPINELLI* TEST

Selander contends that the search warrant affidavit fails to establish the necessary reliability of the informant and, thus, does not support a probable cause finding. "[I]n evaluating the existence of probable cause in relation to informants' tips, the affidavit in support of the warrant must establish the basis of information and credibility of the informant." *State v. Jackson*, 102 Wn.2d 432, 433, 688 P.2d 136 (1984) (reaffirmed the use of the 2-part *Aguilar-Spinelli* test). The two prongs of this test have independent significance, and satisfaction of both is necessary to establish probable cause. *State v. Franklin*, 49 Wn. App. 106, 107-08, 741 P.2d 83, *review denied*, 109 Wn.2d 1018 (1987).

Selander only contends that the affidavit failed to establish the credibility of the informant. There are two ways to satisfy this "veracity" prong: (1) by establishing the informant's credibility with his prior conduct or standing in the community; or (2) if nothing is known about the informant, showing that the facts and circumstances under which the information was furnished reasonably support an inference that the informant is telling the truth. *State v. Lair*, 95 Wn.2d 706, 709-10, 630 P.2d 427 (1981).

The search warrant affidavit stated:

> The informant has in the past given me information which has proven to be reliable. Also as stated the informant has been known to me for over 20 years and I do consider him to be reliable and has in the past given me information that has proven to be reliable and true. The information that he has given me in the past was concerning a stolen chain saw from the Weyerhaeuser Co. [T]he saw was recovered and subjects arrested and convicted for the theft of the crime.

In *State v. Woodall*, 100 Wn.2d 74, 76-78, 666 P.2d 364 (1983), the court distinguished facts supporting reliability from an affiant's conclusory statements. Because the issuing magistrate is "detached and neutral", sufficient facts must exist for a finding of reliability. The magistrate is not simply rubber-stamping the opinion of an officer that he has probable cause. *Woodall*, at 77.

■ The facts here establish the informant's reliability. Reliability is sufficiently shown if the informant has given information in the past which has led to a conviction. *Woodall,* at 76 (quoting *State v. Fisher,* 96 Wn.2d 962, 965, 639 P.2d 743, *cert. denied,* 457 U.S. 1137 (1982)). That being the case here, the affidavit adequately established the informant's reliability.

### In Camera Hearing

A court must void a search warrant if the defendant establishes that the supporting affidavit contains false information, critical to the determination of probable cause, submitted knowingly and intelligently or with reckless disregard for the truth. *Franks v. Delaware,* 438 U.S. 154, 155-56, 57 L. Ed. 2d 667, 98 S. Ct. 2674 (1978). "A defendant is entitled to an evidentiary hearing upon making a 'substantial preliminary showing' that an officer or an agent of the State knowingly or recklessly made a false statement that was the basis of a court's probable cause finding." *State v. Moore,* 54 Wn. App. 211, 214, 773 P.2d 96, 782 P.2d 1070 (citing *State v. Thetford,* 109 Wn.2d 392, 398, 745 P.2d 496 (1987)), *review denied,* 113 Wn.2d 1027 (1989).

■ When the informant's identity is kept secret,[1] the defendant lacks access to the very information that *Franks* requires for a threshold showing of falsity. *State v. Casal,* 103 Wn.2d 812, 818, 699 P.2d 1234 (1985). Thus, a defendant under these circumstances is entitled to an in camera hearing on the truthfulness of the informant's information if the defendant "casts 'a reasonable doubt on the veracity of material representations made by the affiant'". *State v. White,* 50 Wn. App. 858, 865, 751 P.2d 1202 (1988) (quoting *State v. Casal,* 103 Wn.2d at 817). All the defendant must make is a " 'minimal showing of inconsistency' ". *White,* at

---

[1] Selander also contends that his inability to confront the informant violated his constitutional right to equal protection. A defendant does not have a constitutional right to disclosure of an informant's identity when the information provided related only to probable cause and not to the guilt or innocence of the defendant. *McCray v. Illinois,* 386 U.S. 300, 18 L. Ed. 2d 62, 87 S. Ct. 1056 (1967).

865. "A *Casal* hearing is required only where a search warrant affidavit contains no other *independent* basis for establishing probable cause." *White*, at 865 n.4. The court can then decide whether an evidentiary *Franks* hearing is necessary. *Casal*, 103 Wn.2d at 822. One consideration the court may make is that if "a nongovernmental affiant provides testimony upon which a warrant is based and that testimony is later shown to have been intentionally false or gathered by means that would constitute a constitutional violation if done by a governmental agent, *Franks*, nonetheless, does not apply." *Moore*, 54 Wn. App. at 215; *Thetford*, 109 Wn.2d at 398.

Selander made the necessary preliminary showing entitling him to a *Casal* hearing. At the October 12, 1989, hearing, he contended that the physical configuration of his building made it impossible to see the marijuana plants from the garage door and that the informant could only have seen his grow operation by unlawfully entering his building because the building was always locked. He also showed that Officer Covington had been on his premises and should have realized that the informant could not have seen the marijuana the way he or she had said. Also, at the second hearing the officer acknowledged that the informant had crawled through the garage. Finally, the trial court was apparently persuaded that Selander was entitled to a hearing and did conduct one.

■ Here, the trial court erred in not having the in camera hearing recorded and sealed for review. "A defendant is entitled to appellate review of the in camera hearing. The appellate court will review the sealed transcript of the hearing to determine whether the trial judge abused his discretion in determining that probable cause was present or absent." *Casal*, 103 Wn.2d at 822-23. "The record must indicate the true identity of the informant, and evidence a thorough and vigorous investigation by the courts to determine the veracity of the affiant's representations." *State v. Wolken*, 103 Wn.2d 823, 829, 700 P.2d 319 (1985).

Here, the trial court properly used the hearing to determine the truthfulness of the informant and to decide whether a full evidentiary hearing was proper. It erred, however, by failing to create a transcript to permit a meaningful review of its determination. *See also* CrR 4.7-(h)(6) (record of in camera hearing shall be made, sealed and preserved for review). Its findings and conclusions do not overcome the requirement to make a record because we cannot determine whether the record supports the findings. Also, because the record does not contain the court's notes or other indicia of what transpired in the in camera hearing, we must remand. *See State v. Garcia*, 45 Wn. App. 132, 139, 724 P.2d 412 (1986).

Accordingly, we vacate Selander's conviction and remand for an in camera hearing following the dictates of *State v. Casal, supra.* If the trial court determines that the supporting affidavit contains false information, critical to the determination of probable cause, submitted knowingly and intelligently or with reckless disregard for the truth, the evidence seized shall be suppressed and a new trial granted. If, however, the trial court determines that the supporting affidavit does not contain any such false information, the trial court shall reinstate the conviction and sentence. If either party feels aggrieved by the trial court's decision on remand, review may be initiated according to RAP 2.2.

ALEXANDER and MORGAN, JJ., concur.