[No. 12594-7-III.   Division Three.   March 1, 1994.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM
H. HUTCHINS, *Appellant*.

*William Edelblute*, for appellant.

*James N. Nagle, Prosecuting Attorney*, and *James R. Reierson, Deputy*, for respondent.

SWEENEY, A.C.J. — William H. Hutchins appeals his jury conviction of possession of marijuana with intent to deliver. He contends (1) the court erred in admitting evidence concerning the weighing and packaging of marijuana and the profit margin of selling marijuana; (2) the evidence is insufficient to establish the element of intent; and (3) the court erred in instructing the jury that possession of more than 40 grams of marijuana is a lesser included offense of intent to deliver. We reverse the conviction and remand for retrial.

I

FACTUAL BACKGROUND

On April 3, 1992, Sergeant James Romine was on patrol in the Wallula-Burbank area of Walla Walla County. At about 10:15 p.m., he saw a Toyota pickup pass a vehicle in a no passing zone. Sergeant Romine pulled the vehicle over and asked the driver, later identified as Mr. Hutchins, for his license, registration, and proof of insurance. A female passenger was later identified as Kathy Hemion.

Mr. Hutchins told Sergeant Romine his wallet had been stolen and he did not have his driver's license. He identified himself as Joshua Hemion and said he did not have the vehicle registration or the proof of insurance. Sergeant

Romine ran a driver's license and registration check. When he returned to the vehicle, Mr. Hutchins told Sergeant Romine that he was from Colorado and that he had never had a driver's license. Sergeant Romine arrested Mr. Hutchins for driving without a valid operator's license.

During a search of the pickup, Sergeant Romine found a bag containing moist marijuana. Ms. Hemion responded, "That's not mine. I don't have anything to do with it." Sergeant Romine asked Mr. Hutchins, "Do you want to talk to us or do you want to talk to an attorney?" Mr. Hutchins responded, "Of course, I want an attorney. . . . She doesn't know anything about it." Mr. Hutchins' wallet and identification were found beside the driver's seat. Laboratory tests indicated the marijuana weighed 393 grams (14 ounces).

By amended information dated April 13, Mr. Hutchins was charged with possession of marijuana with intent to deliver a controlled substance, marijuana in excess of 40 grams. RCW 69.50.401(a)(1)(i). At trial, Sergeant Romine presented a chart he had prepared on the street price of marijuana. The prosecutor asked him about the "normal quantity" of marijuana seized in an arrest and about the packaging of marijuana.

Following the close of the State's case, Mr. Hutchins moved to dismiss. He argued the evidence was insufficient to support the element of intent to deliver. The court denied the motion.[1] Ms. Hemion testified she and Mr. Hutchins were on their way to pick up a friend at a bar in Umatilla when they were stopped. She said she did not know about the marijuana and had not seen Mr. Hutchins put the bag in the pickup. Mr. Hutchins testified other people used the pickup. He acknowledged he had lied to Sergeant Romine about his name and driver's license.

---

[1]The court noted that although there was no testimony as to how the marijuana might process out, "the common man on the street is going to view 390 some grams of marijuana or almost a pound of marijuana as a large amount of drugs . . . [It was] a reasonable inference . . . that [the] marijuana had probably been harvested within a week or two from when it was found and . . . it was in the chain of processing as opposed to having been at the final buyer or user."

Over Mr. Hutchins' objection, the court instructed the jury the crime of possession with intent to deliver includes the lesser crime of possession of marijuana in excess of 40 grams. The jury found Mr. Hutchins guilty of possession with intent to deliver marijuana. This appeal follows.

## II

### DISCUSSION

A. Admission of Evidence of Packaging and Profit Margins. Mr. Hutchins contends the trial court abused its discretion in admitting the testimony of Sergeant Romine regarding the packaging and weighing of marijuana and the profit margin in selling marijuana.[2] He complains that based on one bag of marijuana found in the pickup, the State presented evidence he purchased it for $700, intended to divide it into smaller amounts, package it and sell it for a profit margin of about $1,400.

Evidence is relevant when it has any "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." ER 401; *State v. Neslund*, 50 Wn. App. 531, 536, 749 P.2d 725, *review denied*, 110 Wn.2d 1025 (1988); *State v. Christian*, 26 Wn. App. 542, 550, 613 P.2d 1199 (1980) (evidence is relevant if it logically tends to prove a material fact in issue), *aff'd*, 95 Wn.2d 655, 628 P.2d 806 (1981). The admission or refusal of evidence lies largely within the sound discretion of the trial court and will be reversed only upon a showing of abuse of discretion. *State v. Markle*, 118 Wn.2d 424, 438, 823 P.2d 1101 (1992); *State v. Lynch*, 58 Wn. App. 83, 87, 792 P.2d 167, *review denied*, 115 Wn.2d 1020 (1990).

---

[2]The trial court concluded that the evidence about the dividing, weighing, and packaging of marijuana was admissible:

"Part of the elements of this crime have to do with an allegation of intent to deliver. And I assume it's the State's theory that Mr. Hutchins had this large amount of marijuana because he was eventually going to either deliver it in total to someone or in fact break it down himself and sell it in various quantities to someone. And so from that standpoint, since the charge is intent to deliver, the State is entitled to get into evidence that that would establish that charge."

■ Evidence of the profit to be gained from the sale of marijuana may be relevant to the issue of distribution. *United States v. Kearney*, 560 F.2d 1358, 1369 (9th Cir.), *cert. denied*, 434 U.S. 971 (1977). When, however, testimony of a profit motive is presented with no evidence other than bare possession of a quantity of marijuana, its admission is little more than an attempt to bootstrap a simple possession charge into the more serious offense of possession with intent to distribute. Sergeant Romine's testimony assumed the very fact the State had the burden of proving — that Mr. Hutchins intended to sell the marijuana in his possession. His testimony adds no direct or circumstantial evidence of Mr. Hutchins' intent. There is no evidence Mr. Hutchins intended to sell the marijuana, only evidence he possessed a quantity of marijuana and would be well paid if he did sell it. Evidence of packaging and the profits to be made in distributing is not relevant under these circumstances.

■ B. Harmless Error and Sufficiency of Evidence. We next address whether admission of Sergeant Romine's testimony is harmless error; not all errors require reversal. *State v. Latham*, 100 Wn.2d 59, 66, 667 P.2d 56 (1983). Before a defendant is entitled to reversal, he must show prejudice. *State v. Cunningham*, 93 Wn.2d 823, 831, 613 P.2d 1139 (1980). An error is not prejudicial, unless within reasonable probabilities there is a substantial likelihood the outcome of the trial would have been materially affected. *State v. Smith*, 106 Wn.2d 772, 780, 725 P.2d 951 (1986). We therefore must address whether the State's evidence of Mr. Hutchins' intent to deliver was sufficient to support the jury's verdict independent of Sergeant Romine's opinions. We think not.

■ Our review of the sufficiency of the evidence supporting a jury verdict is limited to determining whether any rational trier of fact could have found guilt beyond a reasonable doubt. *State v. Zamora*, 63 Wn. App. 220, 223, 81 7 P.2d 880 (1991). We review the evidence in a light most favorable to the prosecution. *State v. Chapin*, 118 Wn.2d

681, 691, 826 P.2d 194 (1992); *State v. Scoby*, 117 Wn.2d 55, 61, 810 P.2d 1358, 815 P.2d 1362 (1991). "[S]pecific criminal intent may be inferred where a defendant's conduct plainly indicates the requisite intent as a matter of logical probability." *State v. Stearns*, 61 Wn. App. 224, 228, 810 P.2d 41, *review denied*, 117 Wn.2d 1012 (1991).

■ Bare possession of marijuana is not sufficient to support a conviction for possession with intent to deliver. "Washington case law forbids the inference of an intent to deliver based on 'bare possession of a controlled substance, absent other facts and circumstances[.]' " *State v. Brown*, 68 Wn. App. 480, 483, 843 P.2d 1098 (1993) (relying on *State v. Johnson*, 61 Wn. App. 539, 811 P.2d 687 (1991) (conviction for possession of cocaine with intent to deliver reversed and remanded for resentencing on lesser charge of possession when evidence showed at most constructive possession of seven bindles of cocaine); *State v. Cobelli*, 56 Wn. App. 921, 788 P.2d 1081 (1989) (possession of baggies of marijuana containing 1.4 grams insufficient to establish even a prima facie case of intent to deliver); *State v. Kovac*, 50 Wn. App. 117, 747 P.2d 484 (1987) (possession of seven baggies of marijuana insufficient to establish intent to deliver); *State v. Liles*, 11 Wn. App. 166, 521 P.2d 973 (conviction for possession of heroin with intent to deliver reversed when evidence showed mere possession of a baggie containing 6.88 grams of heroin), *review denied*, 84 Wn.2d 1005 (1974)).

In those decisions in which an intent to deliver has been inferred from possession of a large quantity of a controlled substance, some additional factor has been present. *State v. Mejia*, 111 Wn.2d 892, 766 P.2d 454 (1989) (presence of 1¹/₂ pounds of cocaine combined with informant's tip and controlled buy supported intent to deliver inference); *State v. Llamas-Villa*, 67 Wn. App. 448, 836 P.2d 239 (1992) (possession of cocaine coupled with officer's observations of deals supported inference of intent); *State v. Lane*, 56 Wn. App. 286, 786 P.2d 277 (1989) (1 ounce of cocaine, together with large amounts of cash and scales, supported an intent to deliver); *State v. Simpson*, 22 Wn. App. 572, 590 P.2d 1276

(1979) (possession of uncut heroin, lactose for cutting and balloons for packaging supported an intent to deliver).

In *State v. Brown, supra,* the defendant had no weapon, no substantial sum of money, no scales or drug paraphernalia. The cocaine was not separately packaged and officers had not observed any actions suggesting delivery. *Brown,* at 484. The court rejected the State's argument there was sufficient evidence to support an inference of intent to deliver based on the officer's testimony that 20 rocks of cocaine exceeded the amount commonly possessed for personal use, noting:

> The State's position would mean that any person possessing a controlled substance in an amount greater than some experienced law enforcement officer believes is "usual" or "customary" for personal use is subject to conviction for possession with intent to deliver.

*Brown,* at 485. Recognizing the different legislative treatments for simple possession of a controlled substance and possession of a controlled substance with intent to deliver, the court stated:

> The courts must be careful to preserve the distinction and not to turn every possession of a minimal amount of a controlled substance into a possession with intent to deliver without substantial evidence as to the possessor's intent above and beyond the possession itself.

*Brown,* at 485. An officer's opinion of the quantity of a controlled substance normal for personal use is insufficient to establish, beyond a reasonable doubt, that a defendant possessed the controlled substance with an intent to deliver. *See State v. Kovac, supra* (intent to deliver is not plainly indicated as a matter of logical probability from the fact that defendant purchased 8 grams of marijuana in seven separate baggies).

Nonetheless, the State maintains there was sufficient evidence to establish Mr. Hutchins' intent to deliver given the totality of the circumstances. We disagree.

The facts here are Mr. Hutchins was observed speeding and passing another vehicle in a no passing zone after 10 p.m.; he and Ms. Hemion gave false names to Sergeant

Romine; he was driving without a valid license;[3] the bag of marijuana was found at Mr. Hutchins' feet rather than behind his seat; the seating compartment in Mr. Hutchins' pickup was very small; and he was in a hurry to drive to a party. None of these circumstances support an inference he intended to deliver the marijuana in his possession. There was no packaging material in the car, no scales or other drug paraphernalia, and the marijuana was not separately packaged. Moreover, the bag of marijuana was apparently not ready for immediate use because it was still moist.

The evidence of intent to deliver is insufficient; the conviction is reversed.

C. Remand for Retrial. When the evidence is insufficient to support a conviction and the conviction is reversed, we may remand for entry of an amended judgment on a lesser included offense. *State v. Robbins*, 68 Wn. App. 873, 877, 846 P.2d 585 (1993).

■ A misdemeanor charge of possession (less than 40 grams) of marijuana is a lesser included offense of the crime of delivery of marijuana. *State v. Wilson*, 41 Wn. App. 397, 398-99, 704 P.2d 1217, *review denied*, 105 Wn.2d 1003 (1985); *State v. Rhodes*, 18 Wn. App. 191, 193, 567 P.2d 249 (1977). Mr. Hutchins, however, was charged by amended information with the felonious possession with intent to deliver a controlled substance, marijuana *in excess of 40 grams*. RCW 69.50.401(a)(1)(i). Possession of more than 40 grams of marijuana is not a lesser included offense of intent to deliver. *State v. Moore*, 54 Wn. App. 211, 219, 773 P.2d 96, *review denied*, 113 Wn.2d 1027 (1989); *State v. Jones*, 25 Wn. App. 746, 749, 610 P.2d 934 (1980); *see State v. Cowles*, 14 Wn. App. 14, 538 P.2d 840, *review denied*, 86 Wn.2d 1004 (1975). Remand for retrial is therefore appropriate.

D. Lesser Included Instruction. Finally, Mr. Hutchins contends the court erred in refusing to give a proposed lesser included offense instruction which stated that the crime of possession of marijuana with intent to deliver necessarily

---

[3]The record is unclear as to whether Mr. Hutchins had a suspended license or no driver's license.

includes the lesser offense of possession of marijuana. The court instructed the jury that the crime of possession with intent to deliver marijuana includes the lesser crime of possession of marijuana in excess of 40 grams.

A defendant is entitled to an instruction on a lesser included offense provided (1) each of the elements of the lesser offense must be a necessary element of the offense charged; and (2) the evidence in the case must support an inference the lesser crime was committed. *State v. Workman*, 90 Wn.2d 443, 447-48, 584 P.2d 382 (1978).

Felonious possession of marijuana is not a lesser included offense of possession with intent to deliver. The court's instruction was therefore error.

The conviction is reversed and the matter is remanded for retrial.

MUNSON and SCHULTHEIS, JJ., concur.