[No. 13526-8-III.   Division Three.   April 6, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. DENNIS
MALCOME JOHNSON, *Appellant*.

*Hugh M. Spall, Jr.,* for appellant.

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Duane Knittle, Deputy,* for respondent.

MUNSON, J. — Dennis Johnson appeals his conviction on one count of possession of a controlled substance, methamphetamine, RCW 69.50.401(d). He contends the court erred in denying his motion to suppress evidence found in a search of the cab of his vehicle and in excluding photographs of a truck.

On the evening of December 14, 1992, Washington State Patrol Trooper John Berends was on routine patrol in Yakima County on Interstate 82. He saw a white Peterbilt truck with a semitrailer change lanes several times without signaling. He pulled the truck over, looked at the California driver's license and, after giving him an oral warning, advised him he was free to go. The driver was Mr. Johnson.

Trooper Berends ran a check on the driver's license number and discovered there was a Yakima County warrant for Mr. Johnson's arrest for failure to appear on charges of driving while license suspended. Trooper Berends again overtook Mr. Johnson's truck and initiated another stop. The trooper advised Mr. Johnson of the warrant, placed him under arrest, handcuffed him, searched his person and placed him in a patrol car.

Trooper Berends then entered the truck cab and searched the interior, including a sleeping compartment located behind the driver's seat. In the sleeping area he found a simulated leather pouch which contained several items which appeared to be drug-related contraband, including two bags of whitish powder and a film canister containing marijuana. According to the trooper, he was looking for papers relating to ownership of the truck, such as insurance, registration documents or log books, and for weapons.

Mr. Johnson was charged by amended information with possession of methamphetamine. He moved to suppress the evidence found in the sleeping compartment. His motion was denied, and he was found guilty. He appeals.

Mr. Johnson contends evidence found in the sleeping compartment should have been suppressed because the search violated the Fourth Amendment. The Fourth Amendment prohibits warrantless searches unless the search is justified under a recognized exception to the rule. *California v. Carney*, 471 U.S. 386, 390, 85 L. Ed. 2d 406, 105 S. Ct. 2066 (1985).

One long recognized exception is the search incident to arrest: "[A] lawful custodial arrest creates a situation which justifies the contemporaneous search without a warrant of the person arrested and of the immediately surrounding area." *New York v. Belton*, 453 U.S. 454, 457, 69 L. Ed. 2d 768, 101 S. Ct. 2860 (1981).[1] The justification for this exception is the arresting officer's need to prevent the arrestee from destroying evidence or obtaining a weapon. *Chimel v. California*, 395 U.S. 752, 23 L. Ed. 2d 685, 89 S. Ct. 2034 (1969). The scope of the search incident to arrest is accordingly limited to the area within the arrestee's "immediate control" from which he could gain possession of a weapon or destroy evidence. *Chimel*, 395 U.S. at 762-63.

In the context of vehicles, the court found the principle announced in *Chimel* difficult to apply. *Belton*, 453 U.S.

---

[1]Washington's constitution provides greater protection than *Belton; State v. Stroud*, 106 Wn.2d 144, 720 P.2d 436 (1986); and *State v. Ringer*, 100 Wn.2d 686, 674 P.2d 1240 (1983), *overruled on other grounds by Stroud*.

at 458-60. The Court recognized that "articles inside the relatively narrow compass of the passenger compartment of an automobile are in fact generally, even if not inevitably, within 'the area into which an arrestee might reach in order to grab a weapon or evidentiary ite[m].' " *Belton*, 453 U.S. at 460 (quoting *Chimel*, 395 U.S. at 763). In order to provide more workable guidance, *Belton*, 453 U.S. at 460, announced a rule applicable to searches incident to the arrest of automobile occupants: "[W]hen a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." (Footnotes omitted.) The issue in the present case is whether the *Belton* rule applies exclusively to automobiles or more broadly to other vehicles such as the truck in question, and if the latter, then does the term "passenger compartment" extend to a sleeping compartment which may be reached from the passenger compartment?

The term "automobile" used in the *Belton* rule has been construed to apply to other types of vehicles including trucks, *see United States v. Diaz-Lizaraza*, 981 F.2d 1216 (11th Cir. 1993); pickup trucks, *see United States v. Thomas*, 11 F.3d 620 (6th Cir. 1993), *cert. denied*, 114 S. Ct. 1570 (1994); and dump trucks, *United States v. Garcia*, 781 F.2d 422 (5th Cir. 1986). It applies to the tractor-trailer truck here.

For the purpose of applying the rule in *Belton*, the term "passenger compartment" has been held to include the trunk area of a hatchback automobile, *United States v. Rojo-Alvarez*, 944 F.2d 959 (1st Cir. 1991); *United States v. Russell*, 670 F.2d 323 (D.C. Cir.), *cert. denied*, 457 U.S. 1108 (1982); *State v. Delossantos*, 211 Conn. 258, 559 A.2d 164, *cert. denied*, 493 U.S. 866 (1989); *but see United States v. McNab*, 775 F. Supp. 1 (D.D.C. 1991); and the rear section of a mid-sized station wagon, *United States v. Pino*, 855 F.2d 357 (6th Cir. 1988), 866 F.2d 147 (1989), *cert. denied sub nom. Llera v. United States*, 493 U.S. 1090, 107 L. Ed. 2d 1063, 110 S. Ct. 1160 (1990). *Russell*, at 326, and *Pino*, 855 F.2d at 364, adopt the rule proposed by Professor LaFave that the passenger

compartment should be construed "as including *all* space reachable without exiting the vehicle . . .." 3 Wayne R. LaFave, *Search and Seizure* § 7.1(c), at 16 (2d ed. 1987).

The testimony showed the sleeping area was directly behind the driver's seat and reachable through an opening without exiting the cab. Under the rule proposed by Professor LaFave, the passenger compartment would include the sleeping area. The search of a container found within the sleeping area of the passenger compartment of Mr. Johnson's truck did not violate Fourth Amendment protection.

Mr. Johnson contends the search violates Const. art. 1, § 7. This court may consider whether the constitution of the State of Washington extends broader rights than the United States Constitution in light of six factors established in *State v. Gunwall*, 106 Wn.2d 54, 58, 720 P.2d 808, 76 A.L.R.4th 517 (1986): "(1) the textual language; (2) differences in the texts; (3) constitutional history; (4) preexisting state law; (5) structural differences; and (6) matters of particular state or local concern." *Gunwall* involved the same constitutional provisions applicable here; this court should adopt its analysis of factors 1, 2, 3, and 5. *See State v. Boland*, 115 Wn.2d 571, 800 P.2d 1112 (1990).

As to factor 4, preexisting state law, Mr. Johnson points out several statutes which recognize a distinction between vehicular passenger compartments and living areas in motor vehicles for purposes of regulating alcoholic beverages, RCW 46.61.519(4), and distinguishing degrees of vehicle prowling, RCW 9A.52.095, .100. These statutes provide some basis for reviewing the search in this case under our state constitution.

As to whether this search involves a privacy interest which is properly a matter of particular state or local concern, Mr. Johnson cites *State v. Boland, supra*, and *State v. Ramirez*, 49 Wn. App. 814, 746 P.2d 344 (1987). *Boland* held a privacy right in garbage is an issue properly decided under state law. Although the container found in Mr. Johnson's truck was described as a "litter bag type pouch" there is no evidence it was used as a garbage container. Mr. Johnson

also argues the sleeping area was his "home away from home" and Const. art. 1, § 7 provides greater protection to the home than does the Fourth Amendment. *Ramirez*. The six *Gunwall* factors appear to justify an analysis of the search on independent state grounds.

Washington's constitution allows officers to search the passenger compartment of a vehicle for weapons or destructible evidence during the arrest process including the time the suspect is handcuffed and placed in a patrol car. *State v. Stroud*, 106 Wn.2d 144, 152, 720 P.2d 436 (1986). The heightened privacy protection provided by our constitution "focuses on those privacy interests which citizens of this state have held, and should be entitled to hold, safe from governmental trespass absent a warrant". *State v. Myrick*, 102 Wn.2d 506, 511, 688 P.2d 151 (1984). Because of this heightened protection, *Stroud*, at 152, departs from the federal rule stated in *Belton* and prohibits the warrantless search of locked containers located in a passenger compartment. The rationale for this departure from the federal standard is that use of a lock demonstrates the individual's expectation of privacy and the presence of a lock minimizes the danger of an arrestee gaining access to the contents of the container. *Stroud*, at 152.

The issues in the present case are whether an individual has a heightened expectation of privacy in a sleeping area adjacent to, and readily accessible from, the passenger compartment; whether a rule which excludes such an area from the permissible search of the passenger compartment adequately addresses the needs of law enforcement officers; and whether creating an exception for sleeping areas will reintroduce the "subtle nuances and hairline distinctions" which the rule announced in *Stroud* was intended to avoid. *Stroud*, at 151 (quoting *Belton*, 453 U.S. at 458 (quoting Wayne R. LaFave, *"Case-By-Case Adjudication" Versus "Standardized Procedures": The Robinson Dilemma*, 1974 Sup. Ct. Rev. 127, 142)).

Because it is similar to a home, Washington's citizens may well have an expectation of privacy in the sleeping area of a

vehicle for which our constitution provides heightened protection. Nevertheless, when the home is located in a vehicle, in such a way as to make it readily accessible from the passenger compartment, the safety of law enforcement officers and the need for a bright-line rule militate against prohibiting officers from searching a sleeping area which is readily accessible from the passenger compartment.

Although *Stroud* prohibits the search of locked areas or containers, neither the sleeping area nor the leather-like pouch was locked. The court properly denied the motion to suppress the evidence found in the pouch.

■ Mr. Johnson contends the court erred in failing to rule on his motion for admission into evidence three photographs of his truck. He explains the photographs were relevant to show what the sleeping compartment looked like, and concedes this purpose is equally served by exhibit 12, a brochure containing several photographs of a similar truck, which was admitted into evidence. Error, if any, was harmless. *See State v. Hutchins*, 73 Wn. App. 211, 868 P.2d 196 (1994).

Affirmed.

SWEENEY, A.C.J., and SCHULTHEIS, J., concur.

Review granted at 127 Wn.2d 1009 (1995).